**SOUTH TEXAS LUMBER STORES, INC.,**
**Appellant,**

v.

**M. E. CAIN, Appellee.**

**No. 11513.**

Court of Civil Appeals of Texas.

Austin.

June 7, 1967.

Coffee, Ritter & Goldston, Jack Ritter, Jr., Austin, for appellant.

Byrd, Davis, Eisenberg & Clark, Jack C. Eisenberg, Don L. Davis, Austin, for appellee.

HUGHES, Justice.

South Texas Lumber Stores, Inc., appellant, sued M. E. Cain on a sworn account. The parties announced ready for trial. When the introduction of evidence was concluded, appellant moved for judgment on the ground that appellee's answer consisted only of an unsworn general denial.

This motion was granted. Thereafter, appellee filed a motion (a) to continue and permit him to file a trial amendment, or (b) to grant an order permitting him to withdraw his announcement of ready, or (c) to enter an order in arrest of judgment and grant a new trial.

This motion was granted to the extent that appellee was permitted to withdraw his announcement of ready and to amend his pleadings.

Thereafter, the case proceeded to trial and judgment was rendered that appellant take nothing by its suit.

At the request of appellant, the trial court made and filed findings of fact and conclusions of law from which we quote, in part:

"(1) It should be remembered that on September 7, 1966 when the trial was first commenced before the Court, the pleading of the defendant then being only a general denial, motion of the plaintiff to prevent the defendant from proving no promise to pay for the materials or a prior payment for some of those materials was sustained by the Court and it was announced at that time from the Bench that a judgment for the plaintiff would be entered. Subsequently and before the entry of the judgment on motion by the defendant, the defendant was allowed to file further pleadings and present his evidence. (2) The plaintiff failed to prove by a preponderance of the evidence that the defendant, M. E. Cain promised or agreed to pay for the material for which suit was brought. (3) The plaintiff failed to prove by a preponderance of the evidence that it relied on the credit of M. E. Cain or any representation by M. E. Cain for extension of credit to Eugene Williams. (4) Plaintiff extended credit to Eugene Williams because its employees thought that loan funds coming from the Bank of Austin would be available for payment of this account. (5) Eugene Williams was an independent contractor in the con-

struction of the building in which these materials were used. There is no evidence that plaintiff thought it was extending credit to or was delivering these materials to an agent or employee of defendant Cain. (6) There is no written instrument wherein defendant Cain promised to pay the debt of Eugene Williams."

Appellant has one point of error which is that the trial court abused his discretion in not granting it a judgment.

The converse of this is, of course, that the trial court abused his discretion in permitting appellee to withdraw his announcement of ready and to amend.

There is no question but that as matters stood before appellee was permitted to withdraw his announcement of ready and amend his pleadings, appellant was entitled, as a matter of law, to judgment upon its sworn account. Rule 185, Texas Rules of Civil Procedure. Nothing the court said or did indicates that it did not recognize this to be the law.

Our decision must turn upon the converse of the point made by appellant, stated above.

It is our opinion that abuse of discretion on the part of the Trial Judge in permitting appellee to withdraw his announcement of ready and amend his pleadings is not shown.

■ In the first place appellant has filed only a partial statement of facts. The proceedings and evidence therein shown relate only to the hearing held prior to the action of the court in permitting appellee to withdraw his announcement of ready and to amend his pleadings.[1] We are, therefore, not apprised of the nature of all the evidence before the court when it rendered final judgment. Under these circumstances we are conclusively bound by the findings of the trial court to the effect that appellant had failed to prove that appellee incurred and owed the account sued on or that he had lawfully agreed to pay it.

■ It is within the discretion of the trial court to allow parties to withdraw their announcement of ready. McDonald, Texas Civil Practice, Sec. 11.18, p. 1002.

■ In Whitehead v. Foley, 28 Tex. 1, the court stated:

"It is insisted, however, that the disclaimer was presented as an amendment, and the court was forbidden by the statute from permitting this to be done after the parties had announced themselves ready for trial. The language of the statute (O. & W. Dig. art. 434), if technically construed, may admit of this construction. But it certainly never has been supposed that the district courts cannot permit parties, if necessary to accomplish the ends of justice, to withdraw an announcement at any time before a case is submitted to the jury. And if this be done, it is undeniable that the pleadings may then be amended; so also, after a verdict, a new trial may be granted for the mere purpose of permitting an amendment. Was it the purpose of the legislature to forbid the court doing directly what may thus be circuitously accomplished? It can hardly be thought that this is the true meaning or interpretation of the statute."

See also Reiser v. Jennings, 143 S.W.2d 99, Tex.Civ.App., Amarillo, writ dismissed c. j.

■ So here, the trial court could have entered judgment as requested by appellant and then, on motion of appellee or on his own motion, could have set the judgment

---

1. We will not review this evidence. That it created doubt in the mind of the court as to the validity of appellant's claim is shown by these remarks of the court: "THE COURT: Let the record show that this Court, in order to fully hear the dispute between these parties, would prefer at this time to allow the defendant to file a trial amendment, and continue with the hearing of the case; * * *."

aside and granted a new trial, a nonappealable order, the validity of which could never be questioned. Ebaugh v. State, 342 S.W.2d 221, Tex.Civ.App., Austin, writ ref. n.r.e.

Appellant made no motion for continuance of this cause and it claims no surprise to have occurred during the proceedings below. It made no attempt to show legal harm as result of what the trial court did. The record does, of course, show that appellant was thwarted in its effort to obtain a judgment to which it was not entitled. This is not legal harm. It is legal justice.

The judgment of the trial court is affirmed.

Affirmed.