**Waymon Joel TAYLOR, Appellant,**

v.

**COLONIAL SAVINGS ASSOCIATION,**
Appellee.

No. 16545.

Court of Civil Appeals of Texas,
Houston (1st Dist.).

Dec. 31, 1975.

Rehearing Denied Feb. 12, 1976.

Hicks, Hirsch, Glover & Cochran, Iris Hefter Robinson, Houston, for appellant.

Vinson, Elkins, Searls, Connally & Smith, Frank C. Gibbs, III, Houston, for appellee.

## ON MOTION FOR REHEARING

PEDEN, Justice.

We withdraw the opinion we filed on November 6, 1975, in this case and substitute this opinion for it.

The plaintiff, Waymon Taylor, appeals from the entry of a judgment notwithstanding the verdict. Colonial Savings, his mortgagee, had obtained a fire insurance policy on the mortgaged property at Taylor's expense, as authorized by the deed of trust, and Taylor sued Colonial, alleging that it negligently failed to obtain insurance coverage on his garage apartment, the one of his two buildings that was later damaged by fire.

The jury made these findings in response to special issues:

1) Colonial Savings Association undertook to provide fire insurance coverage on Mr. Taylor's premises.

2) Colonial or its officers or representatives were aware that there were two structures on the premises.

3) (submitted conditionally) Colonial or its officers or representatives failed to relay this information to the C. M. Burton Insurance Agency.

4) (submitted conditionally) The failure to relay this information to the C. M. Burton Insurance Agency was negligence.

5) (submitted conditionally) The negligence was the proximate cause of Mr. Taylor's not being able to recover for the fire loss to his property.

10) The jury did not find Taylor negligent in the way he examined his insurance policy.

12) Taylor failed to request issuance of fire insurance on the garage apartment.

13) The jury did not find this failure to be negligence.

14) Reasonable restoration cost was $5,594.20.

Taylor's first point of error is that the trial court erred in granting Colonial's motion for judgment notwithstanding the verdict on the grounds that the findings in answer to Special Issues 3, 4 and 5 should be disregarded for the reason that, as a matter of law, appellee had no duty to perform or omit to perform acts pertaining to the transaction in question. Taylor argues that a duty to act in a non-negligent manner arises whenever an affirmative course of action is undertaken, even though the service is gratuitous.

We look to the evidence. Taylor obtained the property in 1967 from a Mr. and Mrs. J. E. Reynolds, who conveyed it "subject to the existing lien with Colonial Savings Association." The Reynolds, as grantors, had executed a deed of trust to secure the lien. It contained this provision:

"The grantors further agree . . . to keep all improvements now on or hereafter placed on the property hereby conveyed, insured against loss or damage by fire and other hazards . . . in such amounts as may be required by such holder (but such amounts shall never be required for more than the unpaid balance owing on said indebtedness, or the largest amount obtainable), with all loss or damage payable, by the terms of each policy, to the holder of said indebtedness as its interest shall appear . . . In the event the grantors fail . . . to furnish hazard insurance policies and pay the premiums thereon, as hereinbefore provided, the holder of the indebtedness . . . may . . . procure such insurance and add the amount paid . . . to the indebtedness held by it . . ."

Taylor testified that when he bought the Reynolds' equity in the property, Mr. Reynolds said it was insured and the insurance was being paid through Colonial. The next time he heard from Colonial was some time later, when the insurance had expired and Colonial had renewed it.

Colonial sent the following letter dated July 23, 1968:

"Mr. Waymon Joel Taylor, Sr.
1232 Richelieu Street
Houston, Texas 77018
"Re: Loan 800 - 0068
Property 846 E 26th St.
Sunset Heights
"Dear Mr. Taylor:

"The insurance coverage on the above captioned has expired today and we have bound $8,700 coverage with out agent on this property.

"Please let us know if you now live on this property. If you do reside at this address, you may wish to have this coverage written as a homeowner's instead of a straight fire policy.

"Let us know in order that we may have the agent write this coverage.

Yours truly,
/s/ Esse Priester"

Taylor agreed that he probably received this letter from one to three days after July 23, 1968. He testified that he called Colonial and told them he didn't live on the property and wasn't going to live there. He said he asked Colonial about liability coverage and was given the telephone number of the insurance agent, Mr. Burton. He talked to Burton about the two houses on the property. He received an insurance policy from Colonial a few days later, glanced at it and filed it away, thinking his buildings were adequately protected. He doesn't know whether the policy that Reynolds had covered both buildings. Reynolds told him the place was insured and he relied on that.

The insurance policy obtained by Colonial included $8,700 in fire insurance coverage. It provided that loss on building items be payable to Colonial as mortgagee or trustee as its interest may appear. The property described was "One Comp. Asbestos Siding Building at 842 E. 26th Street, Houston, Texas . . ." The amount of Taylor's debt to Colonial is not in evidence. The title guaranty policy he obtained when he bought Reynolds' equity in January 1967, states that Reynolds' note to Colonial was in the original amount of $8,700.

Taylor based his suit on his claim that Colonial was negligent in not obtaining insurance coverage on the garage apartment; he neither pleaded nor proved that Colonial had any contractual duty to obtain insurance coverage on the garage apartment.

Taylor cites *Fox v. Dallas Hotel Co.,* 111 Tex. 461, 240 S.W. 517 (1922) in support of his position that even though Colonial owed him no duty to obtain insurance coverage for him, once it undertook to do so it had a duty to act in a non-negligent manner. In that case the court held the Dallas Hotel Company liable for the death of Fox in a defective elevator maintained under contract by a third party. The hotel company contended that it owed Fox no duty, but the Texas Supreme Court held that it had a

non-contract duty at common law to use property under its control so as not to injure others, stating that the general principle underlying this holding was this quotation from 1 Street's Foundations of Legal Liability 92:

" 'In every situation where a man undertakes to act or to pursue a particular course, he is under an implied legal obligation or duty to act with reasonable care, to the end that the person or property of others may not be injured by any force which he sets in operation or by any agent for which he is responsible. If he fails to exercise the degree of caution which the law requires in a particular situation, he is liable for any damage that results to another just as if he had bound himself by an obligatory promise to exercise the required degree of care.' "

The appellant also cites *Reeves County Gas Co. v. Church,* 464 S.W.2d 489 (Tex.Civ. App.1971, no writ); *Bolin v. Tenneco Oil Co.,* 373 S.W.2d 350 (Tex.Civ.App.1963, writ ref. n. r. e.) and *Rick Furniture Co. v. Smith,* 202 S.W. 99 (Tex.Civ.App.1918, no writ) as supporting his position. In each of them the court held that the defendant had (or may have had) a legal duty to act with care by reason of the defendant's having undertaken an affirmative course of action, even though the service rendered was gratuitous.

The rule in question is stated in § 323 of 2 Restatement of Torts 2d (1965 ed.):

"One who undertakes, gratuitously or for consideration, to render services to another which he should recognize as necessary for the protection of the other's person or things, is subject to liability to the other for physical harm resulting from his failure to exercise reasonable care to perform his undertaking, if

"(a) his failure to exercise such care increases the risk of such harm, or

"(b) the harm is suffered because of the other's reliance upon the undertaking."

Under Rule 301 Tex.R.C.P., a motion for judgment notwithstanding the verdict may be rendered by the trial court if a directed verdict would have been proper, "and provided further that the court may upon like motion and notice, disregard any special issue jury finding that has no support in the evidence." To sustain the action of the trial court it must be determined that there is no evidence on which the jury could have made the findings relied upon. All testimony must be considered in a light most favorable to the party against whom the motion is sought and every reasonable intendment deducible from the evidence is to be indulged in such party's favor. *Leyva v. Pacheco,* 163 Tex. 638, 358 S.W.2d 547 (1962); *Burt v. Lochausen,* 151 Tex. 289, 249 S.W.2d 194 (1952). The determination of whether a duty exists is one of law to be determined by the court. *Webb v. City of Lubbock,* 380 S.W.2d 135 (Tex.Civ.App.1964, writ ref'd n. r. e.). For negligence to exist there must be a violation of a duty owed to the very person claiming on the ground of negligence. *Rosas v. Buddies Food Store,* 518 S.W.2d 534 (Tex.1975); 40 Tex.Jur.2d Sec. 6, p. 448. The plaintiff has the burden of proving the existence and violation of a legal duty. *Coleman v. Hudson Gas and Oil Corp.,* 455 S.W.2d 701 (Tex.1970).

The deed of trust established the parties' contractual rights and duties. The requirement of the amount of insurance was impliedly for the benefit of the mortgagee, to protect its investment. The duty to obtain insurance was on Taylor, and Colonial was entitled to protect itself if he failed to act. The deed of trust provision required only that the mortgagor insure up to an amount equal to the unpaid indebtedness, and absent proof to the contrary, the mortgagee was entitled to judge what was a reasonable amount of insurance to protect its investment, but we hold that Colonial, having undertaken to obtain the insurance, had a duty to exercise reasonable care "to keep all improvements . . . on the property . . . insured against loss or damage by fire . . ."

Taylor's second point of error is that the trial court erred in granting Colonial's motion for judgment notwithstanding the verdict by disregarding the jury's answers to issues 10 and 13 on the basis that since Taylor had the insurance policy in his possession for approximately two and one-half years before a dispute arose, he was estopped from asserting that Colonial was negligent in obtaining it. We sustain. The Texas Supreme Court held, in a suit to reform a fidelity bond, *Fireman's Fund Indemnity Co. v. Boyle General Tire Co.,* Tex., 392 S.W.2d 352 (citing 81 A.L.R.2d 66), that under the Texas rule "an insured who accepts a policy without dissent, is presumed to know its contents, but the presumption may be overcome by proof that 'he did not know its contents when it was accepted, as by showing that when he received it he put it away without examination, or that he relied upon the knowledge of the insurer and supposed he had correctly drawn it.'" Although our case is not one brought against an insurer for reformation of an insurance contract, we think this rule should be applied to excuse Taylor's failure to examine the policy.

Taylor's third point is that the trial court erred in granting appellee's motion . . . because there was evidence of probative force to support the jury's answers to special issues necessary to the jury verdict. We sustain this point on the strength of the evidence we have noticed.

We have concluded that the appellant was entitled to recover from Colonial, but we note that if the insurance policy obtained by Colonial had included coverage for the garage apartment the appellant's recovery under the policy would have been limited by this provision:

"If any item of insurance covers . . more than one building, structure, or place . . . the amount of insurance under each such item shall attach on each building . . . in that proportion which the value of each said building . . . shall bear to the value of all the property covered by such item."

Taylor testified that in his opinion the values of his two buildings were about equal before the fire. Since only the garage apartment building seems to have been damaged, his recovery under the policy could not have exceeded one-half of the amount of his coverage, so his recovery should be limited to half of $8,700, or $4,350.

The judgment of the trial court is reversed and judgment is here rendered in favor of Taylor for $4,350.