**KIRBY FOREST INDUSTRIES, INC., Appellant,**

v.

**Hubert Lee DOBBS, Estate of Eugenia Cook Dobbs and John Kinney, Appellees.**

No. 09–86–128–CV.

Court of Appeals of Texas, Beaumont.

Dec. 23, 1987.

As Amended Dec. 31, 1987.

Rehearing Denied Jan. 13, 1988.

Joyce Colson, Santa Fe Southern Pacific Corp., Houston, for appellant.

Lawrence Louis Germer, Orgain, Bell & Tucker, Beaumont, Gary H. Gatlin, Seale, Stover, Coffield, Gatlin & Bisbey, Jasper, Houston Thompson, Silsbee, for appellees.

## OPINION

BURGESS, Justice.

This is an appeal by Kirby Forest Industries, Inc. (KFI), third-party plaintiff in a timber conversion case. The trial judge found appellant KFI and another defendant, Troy Pfleider, jointly and severally liable for plaintiff Chester Cook's damages and entered a take-nothing judgment against appellant on its third-party claims for breach of warranty, indemnity, and contribution against Hubert Lee Dobbs, Sr. and the estate of Eugenia Cook Dobbs (the Dobbs defendants), and John Kinney.

Four relatives, Chester Cook (Cook), Eugenia Cook Dobbs (Dobbs), Aivia Cook Ranieri (Ranieri), and Trene Cook Pipkin (Pipkin), owned in common four fifty-acre tracts of timber land. In 1974, they partitioned their interests, each taking one fifty-acre tract. In 1981, Troy Pfleider sought to buy the timber rights to the tracts. He persuaded Dobbs, Ranieri, and Pipkin to sell, but Cook for tax reasons, refused.

Pfleider did not have the cash for the purchase price, so he enlisted John Kinney as a co-investor. Kinney, an attorney, also drew up the timber deeds. The 1974 deeds partitioning the common interests of Cook, Dobbs, Ranieri, and Pipkin did not contain metes and bounds descriptions. Instead, the deeds referred back to the instruments which had originally conveyed the tracts to their predecessors in title. The Dobbs partition deed referenced volume 66 page 73 of the Tyler County deed records for a description of the Dobbs tract. However, page 73 contains the end of one deed and the beginning of another. That is, the deed to Cook's tract ended on page 73 with a metes and bounds description. The deed to Dobbs' tract began on page 73, but the metes and bounds description did not begin until the next page. Kinney's employee apparently turned to page 73 of volume 66, as referenced, and copied the description she found there—the description of Cook's land. So a description of Cook's property ended up in the Dobbs-to-Pfleider timber deed. Neither Kinney, nor Dobbs, who was a real estate agent, nor Dobbs' attorney caught the mistake. The deed was executed and delivered.

Pfleider assigned all three timber deeds to KFI. After the timber assignment, KFI ran a routine title check. KFI's check did not reveal the error either. KFI hired a contractor, Julian Flanakin, to fell the trees. On the first day of cutting, Cook's first cousins, Chester and Joseph McClellen, whose properties are adjacent to Cook's, came to the site and told Flanakin he was on the wrong property. Chester McClellen testified "[Flanakin] told me he had field notes and he knew where he was at." Flanakin did not report the problem to KFI, but kept cutting.

Dobbs discovered the mistake several months after the Cook timber was felled. She testified she "felt bad" about the mix up. Her attorney recommended she rectify the situation by executing a correction deed conveying her timber rights to Pfleider. Deed in hand, Pfleider sold the timber

rights for $18,000 to an innocent third party. Pfleider did not compensate Cook or KFI for the timber removed from Cook's property. Pfleider did not appear at trial.

KFI brings forth twenty points of error regarding the trial court's ruling on his action against the Dobbs defendants. We begin, though, with KFI's points of error number twenty-one and twenty-two, regarding his action against Kinney.

KFI alleged Kinney was Pfleider's partner in the timber transaction, as evidenced by Kinney's investment and his alleged right to share profits and losses with Pfleider. The assignment deed transferring title to the "Dobbs" (Cook) timber from Pfleider to KFI warranted title to the timber. KFI pleaded that Pfleider and Kinney breached express and implied warranties of title and were jointly and severally liable to KFI for damages resulting from the breach.

KFI's second amended petition stated KFI "would show that PFLEIDER IS a partner with JOHN KINNEY. The PFLEIDER–KINNEY partnership was engaged in the business of buying and selling timber." Kinney's answer denied partnership, but not by a verified denial. Generally, failure to file a Rule 93 verified denial of partnership constitutes an admission of partnership, which cannot be controverted at trial. *Washburn v. Krenek*, 684 S.W.2d 187, 191 (Tex.App.—Houston [14th Dist.] 1984, writ ref'd n.r.e.); *TEX.R.CIV.P. 93(5)*.

KFI and Kinney went through the entire bench trial as if partnership were properly in issue. Counsel for KFI argued the existence of partnership in her opening statement. Kinney's counsel denied partnership in his opening statement. KFI put on direct evidence to prove the partnership. Kinney produced evidence controverting the partnership. Through all of this, KFI did not bring the defect in Kinney's pleadings to the attention of the court. Not until after all the parties had rested did KFI raise, through a trial brief, the lack of a verified denial of partnership. In response, Kinney moved for and was granted leave to file a trial amendment containing a verified denial. Appellant argues the trial court should have denied Kinney's motion to file the amendment and found partnership as a matter of law. *Sims v. Hill*, 567 S.W.2d 912, 913 (Tex.Civ.App.—Houston [14th Dist.] 1978, no writ).

The trial court is vested with the discretion to allow trial amendments. *Hardin v. Hardin*, 597 S.W.2d 347, 349 (Tex. 1980); *TEX.R.CIV.P. 63 & 66*. A trial court's order allowing a trial amendment will not be set aside absent a clear showing that the court abused its discretion. *Reiger v. DeWylf*, 566 S.W.2d 47, 49 (Tex.Civ. App.—Beaumont 1978, writ ref'd n.r.e.). The issue before us is whether the trial court abused its discretion when it allowed Kinney to file by trial amendment a verified denial of partnership after both parties had rested.

We find no case in which a motion to file an amendment to add a rule 93 verified denial was made after both parties had rested. However, a reading of analogous cases indicates that the timing of a motion to file a trial amendment is not the key in determining whether the trial court abused its discretion by granting the motion. Trial courts have been upheld in their decisions to permit trial amendments adding verified denials after announcement of ready, *South Texas Lumber Stores, Inc. v. Cain*, 416 S.W.2d 530, 532 (Tex.Civ.App.—Austin 1967, no writ), and after plaintiff has rested, *Reiger*, 566 S.W.2d at 49.

Parties may amend their pleadings within seven days of trial upon leave of court "unless there is a showing that such amendment will operate as a surprise" to the opposite party. *TEX.R.CIV.P. 63*. Appellant claims no surprise in this case, and it is obvious from the record that there was none; counsel for appellant pleaded partnership and argued its existence in her opening statement, thereby acknowledging her cognizance of the issue. *See Rocha v. Ahmad*, 676 S.W.2d 149, 154 (Tex.App.—San Antonio 1984, writ dism'd w.o.j.).

Trial amendments shall be freely granted to correct defects in pleadings so long as "the objecting party fails to satisfy

the court that the allowance of such amendment would prejudice him in maintaining his action or defense upon the merits." *TEX.R.CIV.P. 66.* The Austin Court of Appeals said of a case in which the trial judge granted a trial amendment containing a verified denial of a suit on a sworn account, "Appellant ... made no attempt to show legal harm as result [sic] of what the trial court did. The record does, of course, show that appellant was thwarted in its effort to obtain a judgment to which it was not entitled. This is not legal harm. It is legal justice." *South Texas Lumber Stores*, 416 S.W.2d at 533. The trial amendment did not prejudice appellant in the maintenance of its action, it merely permitted the trial judge to rule upon the merits of an issue argued by the parties throughout the trial[1], that is, whether Kinney and Pfleider were partners.

 KFI capsulizes the trial evidence of the Kinney–Pfleider partnership and argues case law in support of a finding that the evidence presented proves partnership. This court need not consider KFI's arguments, however, because there is no point of error regarding the factual sufficiency of the trial court's finding that Pfleider and Kinney were not partners. Points of error regarding the factual sufficiency of the trial court's finding that Pfleider and Kinney were not partners. Points of error constitute an indispensable part of a brief on appeal and an alleged error not contained in any point of error should not be considered. *Contreras v. Contreras*, 590 S.W.2d 218, 222 (Tex.Civ.App.—Tyler 1979, no writ). Appellant's points of error twenty-one and twenty-two are overruled.

The remainder of KFI's points of error regard the trial court's negative disposition of KFI's causes of action against the Dobbs defendants.

 Appellant's points of error fifteen and sixteen attack the trial court's finding that KFI is not entitled to recover from the Dobbs defendants on a theory of indemnity. The timber deed from Dobbs to Pfleider contains the following indemnity clause:

> Grantors shall be liable to Grantee to determine the boundary lines of the lands hereinabove described. Should Grantee be held liable to third persons, partnerships or corporations for trespass or for any timber cut within the boundary perimeter pointed out by said Grantors, then Grantors shall assume any such liability for such trespass or for such timber cut.

The effect of this indemnity clause is to provide that the grantor, not the contract drafter (in this case, Pfleider, the grantee) is liable for mistakes in description. Any rights Pfleider had under the indemnity clause pass to KFI as Pfleider's assignee under the following contract provision: "[W]herever the term 'Grantee' is used is meant [sic] not only the Grantee, TROY A. PFLEIDER ... but [his] successors *and assigns*". (Emphasis added)

 The trial court's adverse ruling appears to have been based on its finding of fact that KFI "did not rely on Dobbs' action in pointing out the boundaries of the land in controversy because the Dobbs did not point out the perimeter of the property." Appellee argues, "Since no one pointed out the boundary lines to Pfleider or Kirby, the trial court finding that [the Dobbs defendants] are not obligated to indemnify Kirby because of mistake of boundary lines is supported by the evidence."

We do not believe the phrase "pointed out by said Grantors" contained in the indemnity clause requires the grantors literally to stand upon the lands and point out boundary lines. The field notes accompanying the original timber deed "pointed out" the boundary lines of the property specifically and unambiguously. *Richey v. Miller*, 142 Tex. 274, 177 S.W.2d 255, 257 (1944).

---

1. Appellee argued further that appellant waived any complaint about the missing verified denial of partnership because appellant failed to bring the defect to the attention of the court until after the parties had rested. However, the cases cited involve application of *TEX.R.CIV.P. 90*, a rule which imposes waiver in a bench trial when the omission is not brought to the court's attention before the judgment is signed.

Arguably, KFI should not be allowed to recover under Pfleider's indemnity agreement with Dobbs because to do so would allow KFI to recover under the indemnity contract for KFI's own negligence or Pfleider's negligence. Parties seeking to indemnify the indemnitee from the consequences of their own negligence must express that intent in specific terms within the four corners of the document. *Ethyl Corp. v. Daniel Constr. Co.*, 725 S.W.2d 705, 708 (Tex.1987). However, the defense of concurrent or contributory negligence to an indemnity contract is an affirmative defense within *TEX.R.CIV.P. 94*, which must be both pleaded and proved by the indemnitor. *Delta Eng'g Corp. v. Warren Petroleum, Inc.*, 668 S.W.2d 770, 773 (Tex.App. —Houston [1st Dist.] 1984, writ ref'd n.r. e.). The appellant filed a general denial.[2] By failing to plead or prove KFI's contributory negligence, appellees failed to meet their burden of proof. The trial judge erred in failing to enter judgment in favor of appellant, KFI. Points of error fifteen and sixteen are sustained.

We believe our ruling on the fifteenth and sixteenth points of error are dispositive of the appeal in that any award for damages KFI might be entitled to under its breach of warranty and negligence theories is already recoverable under the indemnity agreement. Should these points of error not be dispositive, however, we shall consider KFI's alternate theories.

KFI attacks the trial court's finding that KFI is not entitled to recover from the Dobbs defendants for breach of warranty of title. Pfleider assigned to KFI his right under the contract for sale of the Dobbs timber. As a general rule, contracts are assignable. *Lancaster v. Greer*, 572 S.W.2d 787, 789 (Tex.Civ.App.—Tyler 1978, writ ref'd n.r.e.). An assignee takes only such title to the thing assigned as existed in the assignor at the time of assignment. *Carter v. Associates Discount Corp.*, 550 S.W.2d 399, 401 (Tex.Civ.App.—Amarillo 1977, no writ). Pfleider had no interest in

the timber described in the deed at the time of the assignment. Therefore, KFI never acquired an interest in the timber.

KFI did, however, receive by assignment Pfleider's rights under the contract for sale. *See* 50 TEX.JUR.2d *Sales* sec. 102 at 397 (1969). Causes of action arising under contracts based on a theory of breach of warranty are assignable. *International Indus. v. Island State Bank*, 348 F.Supp. 886, 889 (S.D.Tex.1971) (applying Texas law); *see e.g. Republic Nat'l Bank of Dallas v. Maryland Casualty Co.*, 184 S.W.2d 496, 499 (Tex.Civ.App.—El Paso 1944, writ ref'd w.o.m.). Any causes of action Pfleider might have had for breach of implied or express warranty were assigned to KFI. After KFI felled the timber, Cook, the owner of the timber, filed against KFI for conversion of the timber. KFI filed a third-party action against the Dobbs defendants for breach of implied and express warranties of title, contending Dobbs was liable to KFI for KFI's losses from the felling of the Cook timber. The trial court found that KFI is not entitled to recover from the Dobbs defendants on either theory of breach of warranty.

Because the transaction was for the sale of timber, the transaction involved a contract for the sale of goods, *TEX.BUS. & COM.CODE ANN. sec. 2.107* (Vernon Supp.1987), and is therefore governed by Chapter 2 of the Texas Business and Commerce Code (the Code). KFI's breach of express warranty of title cause of action is based upon an express warranty provision contained in the timber deed from Dobbs to Pfleider. Appellant's cause in express warranty is governed by section 2.313(a) of the Code, which provides in pertinent part: "Express warranties by the seller are created as follows: (1) Any affirmation of fact or promise made by the seller to the buyer which relates to the goods and becomes part of the basis of the bargain creates an express warranty that the goods shall conform to the affirmation or promise." Appellant's cause in implied

---

**2.** KFI raised, through its trial brief, the lack of pleading of the affirmative defense. Dobbs did not move for leave to file a trial amendment.

warranty arises under section 2.312(a) of the Code, which provides in pertinent part that "there is in a contract for sale a warranty by the seller that ... the title conveyed shall be good, and its transfer rightful."[3] The express and implied warranties were consistent and cumulative and could, therefore, exist in the same contract of sale. *TEX.BUS. & COM.CODE ANN. sec. 2.317* (Vernon 1968); *Ford Motor Co. v. Cullum*, 96 F.2d 1, 2 (5th Cir.), *cert. denied*, 305 U.S. 627, 59 S.Ct. 89, 83 L.Ed. 401 (1938).

■■■ To recover under a section 2.313 express warranty, a party must prove, inter alia, that the affirmation of fact or promise comprising the warranty became a part of the basis of the bargain. *General Supply & Equip. Co. v. Phillips*, 490 S.W.2d 913, 917 (Tex.Civ.App.—Tyler 1972, writ ref'd n.r.e.). Appellant failed to put on evidence to prove that the affirmation of good title was a part of the basis of Pfleider's bargain with Dobbs. Appellant therefore has not proved breach of express warranty.

■■■ The unrebutted evidence establishes that Dobbs breached the section 2.312 implied warranty of title as a matter of law. The Dobbs defendants admit Eugenia Dobbs conveyed title to timber she did not own. The burden was on the Dobbs defendants to show that the implied warranty was excluded when the sale was made. *Gunderland Marine Supply, Inc. v. Bray*, 570 S.W.2d 542, 545–46 (Tex.Civ. App.—Corpus Christi 1978, writ ref'd n.r. e.); *TEX.BUS. & COM.CODE ANN. sec. 2.312(b)*. Appellee asserts that through the title search KFI conducted, KFI knew or had reason to know Dobbs did not have title to the tract and that the warranty is therefore excluded. The warranty sued upon, however, *i.e.*, the warranty from Dobbs to Pfleider, arose when the sale from Dobbs to Pfleider was made. The warranty was also breached at that time because Dobbs did not have title to the timber the deed purported to convey. What KFI did or did not know about the status of the title when Pfleider assigned the timber to KFI could have no effect upon the existence of the warranty or upon whether the warranty was breached.

The Dobbs defendants neither pleaded, proved, nor requested a fact finding on the question whether the warranty was excluded when the sale to Pfleider was made. Therefore, they have not met their burden under *Gunderland*. KFI proved breach of the implied warranty of title.

■■■ The trial court found that KFI's failure properly to check title was the sole proximate cause of the damages to Cook. We find no basis in fact for this conclusion. The trial court also found that KFI's independent investigation of title was the ordinary usage of trade. KFI attacks the trial court's findings in points of error thirteen and fourteen. The fact that KFI regularly conducted title checks before cutting timber does not suffice to prove usage of trade; Dobbs would not have been justified in expecting KFI to follow its practice, as provided in *TEX. BUS. & COM.CODE ANN. sec. 1.205*, because Dobbs did not know to whom the timber would be assigned. Appellee put on no evidence to show that the conducting of title checks upon acquiring timber by assignment is a practice having such regularity of observance in the trade generally as to justify an expectation that the practice would be observed by any assignee with respect to the Dobbs transaction, *section 1.205*, or that the Dobbs warranty to Pfleider should be supplemented by usage of trade, *TEX.BUS. & COM.CODE ANN. sec. 2.202*. It is not necessary to rule on points of error thirteen and fourteen, however, because assuming arguendo that such a usage of trade does exist, a duty to inspect does not necessarily give rise to a duty always to discover defects. *Cf. City of Paragould v. Int'l Power Mach. Co.*, 233 Ark. 872, 349 S.W.2d 332, 336 (1961) (an

---

**3.** While section 2.312(a) is not designated an implied warranty under the Code so as not to subject the warranty to section 2.316(c)(3), *see* comment 6 to section 2.312, the provision operates as an implied, not express, warranty. *See* 2 R. Anderson, *Anderson on the Uniform Commercial Code*, sec. 2–312:3 (3d ed. 1982).

inspection does not preclude reliance upon an express warranty if the true facts are not discovered by means of inspection). Warranties establish at the outset of a transaction which party will absorb the loss in the event the contingency warranted against occurs. To hold in cases such as the one before us that title checks are not only required, but are required to be 100% successful, would shift the risk that title is defective from the warrantor back to the warrantee. This is not a desirable result. There is, therefore, no basis in law or fact to support the trial court's finding that KFI's failure properly to check title was the sole proximate cause of the damages to Cook. Appellant's fifth point of error is sustained.

■ The trial court also found that KFI did not rely on the warranty of title from Dobbs to Pfleider or from Pfleider to KFI. We find no case law indicating it is necessary to establish reliance in order to recover for breach of implied warranty under section 2.312 of the Code. Appellee argues that comment 13 to section 2.314 gives rise to a reliance element in this action. Comment 13 is directed toward section 2.314 warranties, however, and is not applicable to the section 2.312 warranty of title. Appellant's points of error eleven and twelve are sustained.

We agree with appellant that there is no evidence in the record to support a finding that KFI knew, by checking the deed records, that Dobbs' timber deed and assignment did not correctly describe the Dobbs timber. To that extent, appellant's third and fourth points of error are sustained.

■ Appellant in points of error six, seven, nine and ten, attack the trial court's findings concerning notice to KFI that it was cutting the wrong tract of timber on the first day of cutting. Appellant contends the testimony of the McClellen brothers that Chester McClellen told Julian Flanakin he was "on Mr. Cook's property" and that "he was on the wrong piece of property" is not credible because, among other things, the brothers are related to Dobbs and Cook. The trier of fact, the court in this instance, is the exclusive judge of the credibility of witnesses and the weight to be attached to their testimony. *Dalton v. George B. Hatley Co.*, 634 S.W.2d 374, 377 (Tex.App.—Austin 1982, no writ). Appellant also contends that Julian Flanakin was an independent contractor, not KFI's agent, so any notice to Flanakin cannot be imputed to KFI. Agency may be established by direct testimony or circumstantial evidence such as the relationship of the parties and their conduct concerning the transaction at hand. *Car, Ltd. v. Smith*, 590 S.W.2d 738, 741 (Tex.Civ.App.—Houston [14th Dist.] 1979, writ ref'd n.r.e.). Though not overwhelming, the evidence presented at trial is sufficient to support the trial court's ruling imputing notice from Flanakin to KFI. It is not necessary to rule on appellant's points of error on these issues, however, because the resolution of these questions are unnecessary to the disposition of the case. *Mooneyhan v. Benedict*, 284 S.W.2d 741, 745 (Tex.Civ. App.—Austin 1955, writ ref'd n.r.e.). The key issue here is not whether the McClellen brothers gave notice, and if so, whether that notice could be imputed to KFI through Flanakin. The key issue is the content of the notice the McClellen brothers gave. Chester informed Flanakin he was on the wrong property. Flanakin checked his field notes and found that, according to those field notes, he was on the right property. Chester McClellen did not give notice to Flanakin that KFI's title to the timber on the tract described in Flanakin's field notes was defective. Any notice given by Chester was insufficient to jeopardize KFI's recovery under the warranty of title.

■ The evidence established that the implied warranty of title was breached. It is also clear that, but for the breach of warranty, KFI would not have cut the wrong timber and would not have sustained damages. Therefore, Dobbs' breach of warranty was the proximate cause of KFI's damages. Appellant's point of error number one is sustained.

■ Appellant's points of error eight, seventeen, eighteen, nineteen and

twenty attack the trial court's findings denying KFI recovery from appellee on a negligence or contribution theory. Appellant alleges Dobbs' incorrect description of the property constituted negligent conduct on Dobbs' part.

To recover under a negligence theory, the plaintiff must show a legal duty, a breach thereof, and an injury. *Rosas v. Buddies Food Store*, 518 S.W.2d 534, 536 (Tex.1975). Appellant does not direct the court's attention to any precedent, and we find none, allowing recovery under facts similar to the ones before us.

It is true that each contracting party owes a duty to the other to perform contractual obligations with care, skill, reasonable experience and faithfulness, either personally or through one for whom the obligated party is responsible; breach of that duty gives rise to a cause of action for negligence. *Bernard Johnson, Inc. v. Continental Constructors Inc.*, 630 S.W. 2d 365, 369 (Tex.App.—Austin 1982, writ ref'd n.r.e.). However, here we do not have a failure in the performance of the contract, as contemplated by *Bernard Johnson, Inc.* We have instead a mistake in the drafting of the contract.

Appellant alleges further that Dobbs compounded Cook's losses by executing the correction timber deed to Pfleider, thereby allowing timber to be cut on the Dobbs property without compensating Cook for the timber cut from his land. KFI alleges these actions constituted negligent conduct toward KFI. For negligence to exist, there must be a violation of a duty owed to the party claiming on the ground of negligence. *Taylor v. Colonial Savings Ass'n*, 533 S.W.2d 61, 64 (Tex.Civ.App.—Houston [1st Dist.] 1975), *rev'd on other grounds*, 544 S.W.2d 116 (Tex.1976). Again, appellant cites no authority to support recovery in negligence under these facts. Appellant's points of error eight, seventeen, eighteen, nineteen and twenty are overruled.

Under Dobbs' indemnity agreement, KFI is entitled to indemnity for moneys paid by KFI on the judgment against KFI and Pfleider in favor of Cook, up to the total judgment of $28,728 plus prejudgment interest of $11,987.91, less any moneys recovered from Pfleider on KFI's cross-action and indemnity. In addition, KFI is entitled to recover court costs paid from the Dobbs defendants. Judgment is rendered in favor of appellant KFI in those amounts.

That portion of the cause pertaining to postjudgment interest on the Cook judgment is severed, and the issue is remanded to the trial court for its determination of the appropriate rate of interest to be awarded.

AFFIRMED IN PART, REVERSED AND RENDERED IN PART, REVERSED AND REMANDED IN PART.