

NUMBER 13-14-00716-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

VICTOR QUIJANO, DOING
BUSINESS AS TARGET
PEST CONTROL,                                            **Appellant,**

v.

CAMERON COUNTY, CITY OF
BROWNSVILLE & BROWNSVILLE
INDEPENDENT SCHOOL DISTRICT,                    **Appellees.**

---

### On appeal from the 103rd District Court
### of Cameron County, Texas.

---

# MEMORANDUM OPINION

### Before Justices Benavides, Perkes, and Longoria
### Memorandum Opinion by Justice Benavides

This is an appeal from a post-answer default judgment rendered in favor of

appellees Cameron County, the City of Brownsville, and the Brownsville Independent

School District (collectively, "the taxing entities") and against appellant Victor Quijano, doing business as Target Pest Control (hereinafter, "Quijano"). By four issues, which we address as two, Quijano asserts that (1) the trial court violated his due process rights by not giving him notice and opportunity to be heard before rendering judgment; and (2) the evidence is legally and factually insufficient to support the judgment. We affirm.

## I.    BACKGROUND

On May 7, 2013, the taxing entities filed suit against Quijano related to delinquent ad valorem taxes that Quijano owed to them related to his business, Target Pest Control. *See* TEX. TAX CODE ANN. § 33.41 (West, Westlaw through 2015 R.S.) (Suit to Collect Delinquent Tax). Quijano filed a pro-se[1] answer and asserted that Target Pest Control is no longer in business and attached a letter from the State of Texas Comptroller of Public Accounts reflecting that Target Pest Control ceased operation on December 25, 2009.

The trial court set the case for a trial on the merits on September 16, 2014. On September 16, 2014, the taxing entities appeared through counsel and Quijano appeared pro se. The taxing entities were ready to move forward with trial, but the record shows that the following exchange between the trial court and Quijano:

| | |
|---|---|
| THE COURT: | So do you want more time or do you want me just to accept them and get the judgment? |
| [Quijano]: | Just, you know,— |
| THE COURT: | It's one or the other. |
| [Quijano]: | More time, you know. |

---

[1] Quijano represented himself pro se before the trial court and continues to act pro-se on appeal.

2

THE COURT: That's fine. All right. I will reset this until November 18th. Anything you have that you can take in and show that you did not own the vehicle, that those should not have been levied against you, take to her and then she can—at least that way, if nothing else, maybe it will minimize the amount of judgment that they get against you.

[Quijano]: Okay.

THE COURT: So it behooves you to show her anything you've got that will minimize the amount.

[Quijano]: Okay.

THE COURT: Okay? Okay. Then I'm going to just reset this. I allowed the movant to withdraw her exhibits. November 18th.

. . . .

THE COURT: That gives you plenty of time to get with them and see what you can work out.

[Quijano]: Okay.

THE COURT: Bring whatever documents you have so that they can see that that's not correct.

[Quijano]: Okay.

THE COURT: All right? Okay. Thank you.

[Quijano]: Thank you.

On November 18, 2014, the trial court again called the case on the docket. The taxing entities appeared through counsel, but Quijano did not appear. Accordingly, the trial court admitted and received certified copies of the delinquent taxes owed by Quijano to the taxing entities for the years 2005 through 2009. The trial court then rendered judgment in favor of the taxing entities in the amount of $1,726.79. This appeal followed.

## II.    DUE PROCESS

By his second issue, Quijano asserts that the trial court erred by not allowing him the opportunity to present his evidence contesting the taxing entities' evidence at trial.

### A. Applicable Law and Standard of Review

Every suit shall be tried when it is called, unless continued or postponed to a future day or placed at the end of the docket to be called again for trial in its regular order. TEX. R. CIV. P. 247. No cause which has been set upon the trial docket of the court shall be taken from the trial docket for the date set except by agreement of the parties or for good cause upon motion and notice to the opposing party. *Id.* Additionally, it is within the discretion of the trial court to allow parties to withdraw their announcement of ready and reset it for another day. *S. Tex. Lumber Stores, Inc. v. Cain*, 416 S.W.2d 530, 532 (Tex. Civ. App.—Austin 1967, no writ). However, a defendant who does not receive notice of a default judgment proceeding is deprived of due process. *Matsushita Elec. Corp. of Am. v. McAllen Copy Data, Inc.*, 815 S.W.2d 850, 853 (Tex. App.—Corpus Christi 1991, writ denied) (citing *LBL Oil Co. v. Int'l Power Svcs., Inc.*, 777 S.W.2d 390, 390–91 (Tex. 1989) (per curiam)). Such a deprivation of due process requires a reversal of the trial court's judgment and remand to the trial court for a new trial. *See LBL Oil Co.*, 777 S.W.2d at 391.

### B. Discussion

The record in this case shows that the trial court—at Quijano's request—reset the case's trial setting from September 16, 2014 to November 18, 2014. At the September 16th proceeding, the trial court twice mentioned that it was resetting the case until November 18, 2014, and Quijano acknowledged that resetting. Therefore, we conclude

4

that Quijano received actual notice of the November 18, 2014 setting and was not deprived of due process when he failed to appear. *See Matsushita*, 815 S.W.2d at 853. We overrule Quijano's second issue.

## III. SUFFICIENCY CHALLENGE

By his remaining issues,[2] Quijano challenges the sufficiency of the evidence supporting the trial court's judgment.[3]

### A. Standard of Review

A legal sufficiency challenge will be sustained when the record confirms either: (a) a complete absence of a vital fact; (b) the court is barred by rules of law or of evidence from giving weight to the only evidence offered to prove a vital fact; (c) the evidence offered to prove a vital fact is no more than a mere scintilla; or (d) the evidence

---

[2] Full stated, these remaining issues are:

> (1) [Quijano] protested every year sending his Business Personal Property Rendition of Taxable Property and that was promised several times that a visit of inspection was to be conducted of Appraised Value which never did. [Quijano] requested to protest to the Board and was denied as no appraisal inventory was in hand, and no Real Estate property was involve[d], they promised every time not to worry that they would fix it, and never happen [sic] even taxing me years business was out of business and struggle many years to take those years off.

> (2) [The taxing entities] grossly overvalued [Quijano's] business and thus overestimated the taxes it owed. With [sic] any evidence of physical inspection of inventory, though explaining even he was exempted of paying any taxes.

> (3) The trial court erred in finding [Quijano] liable for the tax assessed by [the taxing entities] and in granting judgment for [the taxing entities] in that regard.

[3] As a general rule, an appellant's brief must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record. *See* TEX. R. APP. P. 38.1(i). However, because briefs are meant to acquaint the court with the issues in a case and to present argument that will enable us to decide the case, substantial compliance with this rule is sufficient. *See id.* R. 38.9. Quijano's brief substantially complies with the briefing rules, however, any references therein to evidence outside of the record will not be considered.

5

conclusively establishes the opposite of the vital fact. *City of Keller v. Wilson,* 168 S.W.3d 802, 819 (Tex. 2005). In a legal sufficiency review, we must view the evidence in the light most favorable to the verdict. *See Ford Motor Co. v. Castillo*, 444 S.W.3d 616, 620 (Tex. 2014) (citing *City of Keller*, 168 S.W.3d at 822)). Under a factual sufficiency review, we consider and weigh all the evidence and will set aside a verdict only if it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. *Cain v. Bain*, 709 S.W.2d 175, 176 (Tex. 1986).

## B. Discussion

A post-answer "default" constitutes neither an abandonment of defendant's answer nor an implied confession of any issues thus joined by the defendant's answer. *Stoner v. Thompson*, 578 S.W.2d 679, 682 (Tex. 1979). Judgment cannot be entered on the pleadings, but the plaintiff in such a case must offer evidence and prove his case as in a judgment upon a trial. *Id.* A taxing authority establishes its prima facie case as to every material fact necessary to establish the cause of action in a tax delinquency suit when it introduces a copy of the delinquent tax record, certified by the proper taxing authority to be true and correct with the amount stated thereon to be unpaid. *See Davis v. City of Austin*, 632 S.W.2d 331, 333–34 (Tex. 1982); *Flowers v. Lavaca County Appraisal District*, 766 S.W.2d 825, 828 (Tex. App.—Corpus Christi 1989, writ denied).

In this case, at the November 18, 2014 proceeding, the trial court admitted certified copies of the delinquent taxes owed to the taxing entities for each year from 2005 to 2009, including penalties and interest totaling $1,726.79.[4] Prior to this proceeding, Quijano

---

[4] We note that the certified copies of delinquent taxes owed included other taxing entities that were not parties to the suit. However, the trial court's judgment only includes delinquent taxes owed to those

6

filed a letter from the state comptroller's office, which stated that Quijano's business ceased operation on December 25, 2009. From the record, it appears that the trial court accepted this document as true and factored it into its judgment because it only ordered Quijano to pay delinquent taxes for the years between 2005 and 2009. In its original petition, the taxing entities sought delinquent taxes from the years 2005 to 2011.

Therefore, after viewing this evidence in the light most favorable to the verdict, the evidence is legally sufficient to support the trial court's judgment ordering the taxing entities to recover $1,726.79 in delinquent taxes from Quijano; and furthermore, after viewing all of the evidence, we also conclude that the evidence is not so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. We overrule Quijano's remaining three issues.

## IV. CONCLUSION

We affirm the trial court's judgment.

GINA M. BENAVIDES,
Justice

Delivered and filed the
28th day of April, 2016.

---

entities that are parties to this appeal.