**LBL OIL COMPANY d/b/a LBL Gas Systems, Petitioner**

v.

**INTERNATIONAL POWER SERVICES, INC., Respondent.**

No. C–8473.

Supreme Court of Texas.

Sept. 20, 1989.

Rehearing Denied Oct. 25, 1989.

R.H. Lindley, Tulsa, Okl., for petitioner.

William B. Connelly, Houston, for respondent.

PER CURIAM.

This is a post-appearance default judgment case, appealed by writ of error to the court of appeals. The court of appeals affirmed the trial court judgment with an unpublished opinion. Since the record demonstrates that no notice was given to defendant of the hearing on the motion dispositive of the case, a majority of the court reverses the judgment of the court of appeals and remands the cause to the trial court because the decision conflicts with *Peralta v. Heights Medical Center, Inc.,* 485 U.S. 80, 108 S.Ct. 896, 99 L.Ed.2d 75 (1988), and *Lopez v. Lopez,* 757 S.W.2d 721 (Tex.1988).

International Power Services, Inc. sued "LBL Oil Company, a Texas corporation" allegedly doing business as LBL Gas Systems, on a sworn account. The citation return shows service on a registered agent.

R.H. Lindley, a citizen of Oklahoma, filed a pro se motion to dismiss, alleging that he was the sole owner of the unincorporated business LBL Oil Company, that it was an "Oklahoma 'dba,'" and that there was no jurisdiction over him since there had been no service. Lindley suggested that plaintiff had mistakenly sued a Texas corporation with a similar name. International Power Services filed a response asking that the motion to dismiss be overruled, and set the motion for hearing. Notice of this hearing was sent to Lindley.

The trial court overruled the motion to dismiss. Without amending its pleadings, International Power Services filed a motion for default judgment, alleging that LBL Oil Company by its defective motion to dismiss had made a general appearance. It further alleged that the time had already expired to file an answer after a motion to quash service was overruled, and therefore it was entitled to judgment by default. There is no certificate of service on this motion, and counsel for International Power Services apparently failed to serve a copy on Lindley. Likewise, the record shows no notice of hearing of the default judgment motion was served on Lindley.

Six months later Lindley filed the present writ of error appeal, alleging among other matters that he had been denied due process by the failure to serve notice of the default motion and hearing on him. Once a defendant has made an appearance in a cause, he is entitled to notice of the trial setting as a matter of due

process under the Fourteenth Amendment to the federal constitution, as set forth in *Peralta v. Heights Medical Center, Inc.*, 485 U.S. 80, 108 S.Ct. 896, 99 L.Ed.2d 75 (1988). *See Lopez v. Lopez*, 757 S.W.2d 721, 723 (Tex.1988). The record here establishes that Lindley had no actual or constructive notice of the hearing on the motion for default judgment, which effectively was his trial setting since it was dispositive of the case.

The decision of the court of appeals affirming the judgment is in conflict with *Peralta* and *Lopez*. Pursuant to Tex.R. App.P. 133(b), we grant the application of LBL Oil Company filed pro se by R.H. Lindley as sole owner of the company, and, without hearing oral argument, a majority of the court reverses the judgment of the court of appeals and remands the cause to the trial court. We do not, however, suggest that rendering default judgment against an individual defendant doing business under a company name is proper based on unamended pleadings alleging that the company is a corporation.