PHILLIP AARON TAYLOR V. GREAT WESTERN

NO. 07-00-0213-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

DECEMBER 5, 2000

______________________________

PHILLIP AARON TAYLOR, INDIVIDUALLY

D/B/A BROWN TAYLOR INMAN, P.C., APPELLANT

V.

GREAT WESTERN DIRECTORIES, INC., APPELLEE

_________________________________

FROM THE COUNTY COURT AT LAW NO. 1 OF POTTER COUNTY;

NO. 86,534-1; HONORABLE W. F. “CORKY” ROBERTS, JUDGE

_______________________________

Before QUINN and REAVIS and JOHNSON, JJ.

Appellant, Phillip Aaron Taylor, individually and d/b/a Brown Taylor Inman, P.C., challenges a default judgment
 
granted in favor of appellee, Great Western Directories, Inc.  Appellant contends that his due process rights under the Fourteenth Amendment to the United States Constitution were violated because he did not receive notice that either (1) a motion for default judgment was forwarded to the trial judge, or (2) the trial judge was going to consider appellee’s motion for default judgment.
  
We reverse and remand.

I.  BACKGROUND

Appellee Great Western Directories, Inc., sued appellant Phillip Aaron Taylor, individually and d/b/a Brown Taylor Inman, P.C., an Oklahoma resident.  Appellee alleged that appellant failed to pay for advertising pursuant to a contract.  The petition included claims for breach of contract, sworn account, fraud and for judicial foreclosure of a security interest.  Appellant was served with process through the Texas Secretary of State.  On September 20, 1999, appellant filed a Motion for Enlargement of Time, stating that he had been served with process, and requesting that he be given until October 11, 1999, to file a motion to appear
 pro hac vice
 and a special appearance to challenge the trial court’s jurisdiction.  The trial court granted appellant’s motion.  No answer or other pleading was filed on behalf of appellant by October 11th.

Attorneys for appellee hand delivered a Motion for Default Judgment, supporting documentation, and a proposed default judgment, to the trial court judge on October 18, 1999.  None of these items were filed with the court clerk at that time, nor were copies sent to appellant.  The motion for default judgment did not contain a certificate of service reflecting that a copy of the motion was furnished to appellant.  

On November 2, 1999, the trial court signed a default judgment against appellant for $11,583.83, attorneys’ fees of $850, foreclosure of the security interest, post-judgment interest, and costs.  The Motion for Default Judgment, supporting documents, and the signed default judgment were filed with the court clerk on November 4, 1999.  On March 3, 2000, appellant filed a post-judgment motion to set aside the default judgment and a motion for new trial.  Following a hearing, the trial court overruled the motion for lack of jurisdiction.  Appellant challenges the default judgment via a restricted appeal.  
See
 
Tex. R. App. P.
 30.

Appellant asserts that the Motion to Enlarge Time constituted a general appearance, and that he was entitled to notice of the forwarding of the motion for default judgment to the trial judge, and notice of the default judgment hearing.  In the alternative, appellant posits that even if he did not make a general appearance by his motion, then in any event the default judgment is void because of invalid service of process on appellant.  

Appellant relies on 
LBL Oil Co. v. International Power Serv., Inc.
, 777 S.W.2d 390 (Tex. 1989) (per curiam), for the proposition that there is error on the face of the record mandating reversal of the judgment in this restricted appeal because he did not receive notice of the motion for default judgment, the hearing on the motion, or timely notice of entry of the judgment.  Appellee responds that 
LBL Oil
 is inapplicable because appellant’s Motion for Enlargement of Time did not constitute a general appearance which would have entitled appellant to be served with a copy of the motion for default judgment,  accompanying documentation, proposed default judgment, and notice of hearing of the motion. 

II. LAW

A direct attack on a judgment by restricted appeal must (1) be brought within six months after the judgment was signed; (2) by a party to the suit; (3) who did not participate in the trial that resulted in the challenged judgment; (4) who did not file a timely post-judgment motion or request for findings of fact and conclusions of law; and (5) be based on error apparent from the face of the record.  
See
 
Tex. R. App. P
. 30; 
Norman Communications v. Texas Eastman Co.
, 955 S.W.2d 269, 270 (Tex. 1997).  For purposes of a restricted appeal, the invalidity of the judgment must appear from the papers on file in the case. 
See
 
Norman Communications
, 955 S.W.2d at 270.  The "face of the record" consists of all papers on file in the appeal, including any reporter's record. 
Id
.; 
DSC Finance Corp. v. Moffitt
, 815 S.W.2d 551 (Tex. 1991).

A judgment entered without notice or service is constitutionally infirm.  
Peralta v. Heights Med. Ctr., Inc.
, 485 U.S. 80, 84, 108 S.Ct. 896, 899, 99 L.Ed.2d 75 (1988).  A defendant who has made an appearance in a cause is entitled to notice of a trial setting as a matter of due process under the Fourteenth Amendment to the United States Constitution.  
LBL Oil,
 777 S.W.2d at 390-91.    

Tex. R. Civ. P.
 120a
(footnote: 1) prescribes the procedure for a party to contest the trial court’s jurisdiction over that party without the appearance being a general appearance.  Rule 120a provides in part:

[S]uch special appearance shall be made by sworn motion filed prior to motion to transfer venue or any other plea, pleading or motion; provided however, that a motion to transfer venue and any other plea, pleading, or motion may be contained in the same instrument or filed subsequent thereto without waiver of such special appearance; and may be amended to cure defects. . . .  
Every appearance, prior to judgment, not in compliance with this rule is a general appearance.

Rule 120(a) (emphasis added).

After a party to a suit files a special appearance challenging the jurisdiction of a court, a “general appearance” by that party occurs if, outside the limits provided by Rule 120a, the party invokes the judgment of the court on any question other than the court’s jurisdiction.  
See
 
Dawson-Austin v. Austin
, 968 S.W.2d 319, 322 (Tex. 1998) (quoting 
Moore v. Elektro-Mobil Technik GmbH
, 874 S.W.2d 324, 327 (Tex.App.--El Paso 1994, writ denied)).  If a party challenging jurisdiction of the court takes action recognizing that a suit is properly pending or seeks affirmative action from the court, otherwise than as permitted by Rule 120a, then the party has made a general appearance.  
See
 
id
.       

ANALYSIS 

Appellant has established the first four elements required for a restricted appeal.  Whether appellant established the fifth element by proving that error was apparent on the face of the record is disputed.  
See
 
Norman Communications
, 955 S.W.2d at 270; 
General Elec. Co. v. Falcon Ridge Apartments, Joint Venture
, 811 S.W.2d 942, 943 (Tex. 1991). 

Appellant’s sworn Motion for Enlargement of Time stated, among other matters,  that he: (1) had been served with process and a copy of the petition on August 27, 1999; (2) intended to file a special appearance pursuant to Rule 120a for the purpose of objecting to the trial court’s 
in personam
 jurisdiction over him; (3) had been in trial and had not had time to retain a Texas attorney to properly file the special appearance; and (4) needed until October 11, 1999, to retain a Texas attorney, file a motion to appear 
pro hac vice
, review Texas law and rules, and file a special appearance.  The motion included a certificate of service stating that a copy of the motion and proposed order accompanying the motion had been forwarded to counsel for appellee.    

 By his motion, appellant admitted that he had been served with the suit, requested the Texas court to act, and furnished a proposed order.  The trial court acted on the request by granting the motion and forwarding the signed order to the clerk for filing.  Appellant indicated in his Motion to Enlarge Time that he intended to file a special appearance to challenge the Texas court’s jurisdiction at some point in the future.  He did not assert in his motion that the motion was an objection to the court’s jurisdiction.  Nor did he in some other manner assert that the motion itself was, in whole or in part, a challenge to the trial court’s jurisdiction.  A realistic reading of the motion is that the motion was not designed by appellant to function in any manner as a special appearance to challenge the Texas court’s jurisdiction.  Neither appellant nor appellee contended in the trial court, nor in their briefs before this court, that the Motion to Enlarge Time contained or was a special appearance.  

Given the posture of the appeal and the record before us, we cannot conclude that appellant’s motion was, or contained, a special appearance.
(footnote: 2)  The plain language of Rule 120a provides that if appellant made an “appearance” which was not a special appearance, then he made a general appearance.  
See
 Rule 120a; 
Kawasaki Steel Corp. v. Middleton
, 699 S.W.2d 199, 203 (Tex. 1985) (per curiam).  The language of Rule 120a compels a determination that the contents of and appellant’s actions in filing the motion to enlarge his appearance time, in serving a copy on counsel for appellee, and in requesting and obtaining entry of an order from the trial judge constituted a general appearance.  Thus, we need not and do not analyze whether his actions would have comprised a general appearance had appellant previously filed a special appearance.  
Tex. R. App. P
. 47.1; 
see
 
Dawson-Austin
, 968 S.W.2d at 321-24.  

Our conclusion conforms to that of the Texas Supreme Court in 
LBL Oil
.  In 
LBL Oil
, the defendant was a citizen of Oklahoma.  The defendant, acting 
pro se
, filed a motion to dismiss the Texas suit because Texas had no jurisdiction over him.  The trial court overruled the motion.  A motion for default judgment was then filed by the plaintiff.  The motion did not have a certificate of service showing a copy sent to the defendant.  The record did not show that the defendant received a copy of the motion or notice of the hearing on the motion, at which default judgment was rendered.  The defendant appealed the default judgment via a writ of error appeal.  In a per curiam opinion issued without oral argument, the Texas Supreme Court held that the defendant, having made an appearance in the cause, was entitled to notice of the trial setting as a matter of due process under the Fourteenth Amendment.  
LBL Oil
, 777 S.W.2d at 390-91. The Court held that the failure of the defendant to receive actual or constructive notice of the dispositive hearing on the motion for default judgment sufficiently violated due process to warrant reversal.  
Id
. at 390-91.  

In the matter before us, appellant made an appearance which we have determined was a general appearance.  The record does not show that appellant had actual or constructive notice that a motion for default judgment was forwarded to the trial court, or notice that such a motion was to be heard.  The dispositive consideration of appellee’s motion without notice to appellant violated appellant’s Fourteenth Amendment due process rights.  Only by “wiping the slate clean” and restoring appellant to the position he occupied prior to the deprivation of his due process rights can we rectify the violation.  
Peralta
, 485 U.S. at 87, 108 S.Ct. at 900; 
LBL Oil
, 777 S.W.2d at 390-91.            

CONCLUSION  

Error is apparent on the face of the record.  Appellant’s sole issue is sustained.  The default judgment entered by the trial court is reversed.  The cause is remanded for further proceedings.  
Tex. R. App. P.
 43.2(d).

Phil Johnson

              Justice

Do not publish.

FOOTNOTES
1:
Reference to a rule of civil procedure hereafter will be by reference to “Rule _.”

2:
If the motion had been or contained a special appearance, appellant would have been entitled to notice that appellee forwarded the motion for default judgment to the trial court and to notice of hearing of the motion, because the special appearance portion of the pleading would have been pending at the time the motion for default was forwarded.  
See
 Rule 21.  We express no opinion on whether the motion might have sufficed as a special appearance under Rule 120a in addition to its request for an enlargement of time.  
See
 
Dawson-Austin
, 968 S.W.2d at 321-24.