TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN





NO. 03-

01-00414-CV


NO. 03-01-00415-CV








Rose Monreal, Appellant



v.



The Texas Department of Protective and Regulatory Services, Appellee







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 261ST JUDICIAL DISTRICT


NOS. FM1-02410 & FM0-03461, HONORABLE F. SCOTT MCCOWN, JUDGE PRESIDING







 The district court terminated Rose Monreal's parental rights to two children after she
did not appear at trial. Appellant contends that the court abused its discretion by denying her motion
for new trial because she did not have actual notice of the trial. She also contends that her
constitutional and statutory rights to counsel were violated by the appointment of counsel thirty-one
days before the termination hearing. We affirm the judgment.


BACKGROUND


 On May 24, 2000, the Texas Department of Protective and Regulatory Services filed
a suit affecting the parent-child relationships between appellant and Jo.M. (born January 20, 1995),
Ja.M., (born February 26, 1996), and M.C. (born June 26, 1998). The Department sought to make
reasonable efforts to return the children to their home, but requested termination of appellant's
parental rights if those efforts failed.

 Appellant attended every pretrial hearing. She attended the June 9, 2000 hearing at
which temporary orders were signed by the court and by appellant. The orders stated that the
dismissal date for the case was June 11, 2001 unless the court rendered final orders before then. She
attended a July 21, 2000 status hearing, after which she signed a service plan that recited the same
dismissal deadline. She attended a November 30, 2000 hearing, after which she signed an order that
recited the June dismissal date and set a permanency hearing for March 16, 2001. On December 1,
2000, the Department's attorney mailed a notice of setting of the final trial on the merits for April
9, 2001 (non-jury trial) or April 16, 2001 (jury trial); the notice went to a drug treatment facility
where appellant no longer resided. On March 16, 2001, appellant attended a hearing at which the
court appointed counsel for her. Afterwards, the court entered a new permanency hearing order that
noted the April trial dates, set the next permanency hearing for May 25, 2001, and reiterated the June
dismissal date. Appellant's counsel moved for a continuance on April 3, 2001, asserting that he had
not been able to contact appellant and that the recency of his appointment prevented him from
conducting discovery; he filed an amended motion to the same effect on April 11, 2001. The court
expressly denied the amended motion.

 Appellant failed to appear at trial. On the day of trial, the court severed proceedings
regarding Jo.M. from proceedings involving Ja.M. and M.C., assigning the suit regarding Jo.M. a
new cause number (FM1-02410 at trial, appellate cause number 03-01-00414-CV). In the severed
action, the court named appellant's mother Jo.M.'s managing conservator, named appellant his
possessory conservator, and refused to appoint Jo.M.'s alleged father as a possessory conservator. 
In the original cause of action (FM0-03461 at trial, appellate cause number 03-01-00415-CV), the
court rendered a final conservatorship order on May 25, 2001, terminating appellant's parental rights
as to Ja.M. and M.C., and naming the Department their managing conservator.

 Appellant filed motions for new trial in both cases. (1) Appellant contended that she
failed to appear at the April 16 trial because of accident or mistake due to lack of notice and lack of
communication with her attorney, which she blamed on her trial attorney. The court held a hearing
on her motion for new trial at which appellant, her caseworker, and her trial attorney testified.

 The district court denied the motion for new trial in the original cause of action by
order signed June 28, 2000. The court found that appellant's failure to appear was due to her
conscious indifference, that she lacked a meritorious defense to the suit, and that further delay would
prejudice the children's interests. There is no written order denying the motion for new trial in the
severed cause of action.

 Appellant filed notices of appeal in both cases on July 11, 2001.


DISCUSSION


 We will deal with the appeals separately, beginning with the severed cause of action.


Cause number 03-01-00414-CV

 Appellant has not timely or effectively appealed this cause of action. The court
rendered final judgment in this cause on April 16, 2001. The next activity in this cause is the first
amended motion for new trial, filed on June 14, 2001; this motion, filed more than thirty days after
the judgment was signed, was untimely. See Tex. R. Civ. P. 329b. The notice of appeal, filed
eighty-six days after the judgment was signed, was likewise untimely. See Tex. R. App. P. 26.1.

 Even if this appeal were timely perfected, the issues presented in the brief expressly
address only the termination of appellant's rights to Ja.M. and M.C. Appellant has waived any error
in appellate cause number 03-01-00414-CV.


Cause number 03-01-00415-CV

 Appellant raises three issues regarding the judgment in this cause. She contends that
the district court abused its discretion by denying her motion for new trial because she lacked actual
notice of the trial setting. She contends that the appointment of counsel only thirty-one days before
the trial setting denied her right to counsel under the federal constitution and the state statute.


Denial of motion for new trial

 We review the denial of a motion for new trial for an abuse of discretion. Strackbein
v. Prewitt, 671 S.W.2d 37, 38 (Tex. 1984). The denial must be based upon guiding rules and
principles. Craddock v. Sunshine Bus Lines, Inc., 133 S.W.2d 124, 126 (Tex. 1939). A defendant
who has appeared in a cause is entitled to notice of the trial setting; a defendant who does not receive
notice of trial is deprived of due process under the Fourteenth Amendment to the United States
Constitution. LBL Oil Co. v. International Power Servs., Inc., 777 S.W.2d 390, 390-91 (Tex. 1989). 
A party denied due process by lack of notice of a trial setting can get a new trial only by showing that
the failure to appear was not intentional or the result of conscious indifference, but was due to a
mistake or an accident. See Craddock, 133 S.W.2d at 126 (listing three factors in overcoming
default judgment); Mosser v. Plano Three Venture, 893 S.W.2d 8, 12-13 (Tex. App.--Dallas 1994,
no writ) (defendants deprived of notice need only satisfy first Craddock factor to merit new trial);
Green v. McAdams, 857 S.W.2d 816, 819 (Tex. App.--Houston [1st Dist.] 1993, no writ). That
party is entitled to have the default judgment set aside. See LBL Oil, 777 S.W.2d at 390-91.

 Appellant denied that she knew that her trial was set for April 2001. She showed an
understanding of the importance of court settings by appearing at every pretrial hearing. She said
she did not receive the notice of trial setting sent in December 2000. She undisputedly did not sign
the order in March 2001 that contained the trial date. She said she thought that the trial was set for
June, which was instead the date the suit would be dismissed unless extended or resolved. See Tex.
Fam. Code Ann. § 263.301 (West Supp. 2002). She said that appointed counsel cancelled meetings
with her and did not reschedule; she denied that she cancelled the appointments. She said she gave
counsel the telephone numbers and addresses of a friend and her father but he apparently did not use
them. She denied being told at the March 2001 hearing that her trial was set for April 2001, and
denied that her caseworker afterward told her of the trial date.

 Other evidence adduced at the hearing on the motion for new trial contradicted her
assertion that she did not get notice and that her failure to get it was not her fault. The district court
said that appellant knew in November that the case was to be set for trial, and yet failed to supply
her current address. The court recalled appointing counsel at the March hearing because of the April
trial setting, and was therefore confident that appellant knew about the April trial setting that day. 
Appellant's counsel confirmed the court's recollection of the notice given in open court in March
2001. He also testified that appellant cancelled their subsequent appointments and that, when he
called to reschedule, the only telephone number he was given was disconnected. He said the letter
he sent to the only address she gave him was returned. Appellant's caseworker also testified that he
reminded her of the trial date during a conversation in March 2001.

 The court did not abuse its discretion by finding that appellant had actual notice of
the trial setting and by not finding that her failure to appear was not the result of conscious
indifference or due to mistake or accident. 


Denial of right to counsel

 Appellant contends that the appointment of counsel only thirty-one days before trial
violated her right to counsel under state statute and the federal constitution. The Texas Family Code
requires the court to appoint an attorney for an indigent parent who responds and opposes
termination, but does not specify a deadline by which the appointment must occur. Tex. Fam. Code
Ann. § 107.013(a)(1) (West Supp. 2002). Courts have held that "in Texas the timing of appointment
of counsel to indigent parents appearing in opposition to termination is a matter within the trial
court's discretion." In re M.J.M.L., 31 S.W.3d 347, 355-56 (Tex. App.--San Antonio 2000, pet.
denied). Courts have not found an absolute minimum acceptable time before trial, but have found
the appointment of counsel more than a year before trial to be satisfactory. See id. at 354-56; see
also In re J.P., No. 13-99-811-CV, 2001 WL 878252, at *2-*3 (Tex. App.--Corpus Christi, August
2, 2001, no pet. h.). The federal Constitution does not require that counsel be appointed for all
indigents faced with termination of their parental rights; the trial court must weigh the parent's
interests, the State's interests, and the risk of an erroneous decision without counsel. Lassiter v.
Department of Soc. Servs., 452 U.S. 18, 27-32 (1981).

 Appellant contends that counsel had to be appointed much earlier to protect her rights
effectively. She argues that counsel might have advised her about the seriousness of the proceedings
and the importance of compliance with court orders, and might have helped her schedule and
complete services and treatments sooner. She further argues that counsel could have assured that
she understood the difference between a setting and the June dismissal date.

 The facts of this case do not support appellant's argument because she did not make
use of counsel after he was appointed. Though she claimed not to know of the April trial date, the
court, her caseworker, and counsel all testified that she was told of the trial date at the March
hearing; indeed, the court said it appointed counsel because the trial was impending. After counsel
was appointed, appellant had no contact with him for two months (except to cancel attorney-client
meetings set for the weekend after the appointment); even if counsel cancelled the original meetings
as appellant alleges, she set no new meetings. This failure to contact counsel for two months would
have impeded preparation for a June trial, much more for one set in April. She gave counsel a
telephone number that was disconnected and an address from which mail was returned. Her
vigilance regarding this case seems to have diminished after the appointment of counsel; the only
proceeding she missed--the trial--occurred after counsel was appointed. Her inaccessibility to
counsel and failure to communicate with him contradicts her contention that an earlier appointment
of counsel would have protected her rights better. The court complied with the letter of the statute
by appointing counsel. Appellant has not shown a violation of either the spirit of the statute or her
right under the Constitution by waiting until thirty-one days before trial to appoint counsel.


CONCLUSION


 We resolve all issues in favor of the judgment. We affirm the judgment.



 

 Jan P. Patterson, Justice

Before Justices Kidd, Patterson and Puryear

Affirmed

Filed: February 22, 2002

Do Not Publish

1. The original motion for new trial, filed by appellant proceeding pro se on May 15, 2001,
appears only in the clerk's record for the original cause of action. The amended motion for new trial,
filed by her appellate counsel on June 14, 2001, appears in the clerk's record for both causes.