# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-01-00414-CV
## NO. 03-01-00415-CV

**Rose Monreal, Appellant**

**v.**

**The Texas Department of Protective and Regulatory Services, Appellee**

## FROM THE DISTRICT COURT OF TRAVIS COUNTY, 261ST JUDICIAL DISTRICT
## NOS. FM1-02410 & FM0-03461, HONORABLE F. SCOTT MCCOWN, JUDGE PRESIDING

The district court terminated Rose Monreal's parental rights to two children after she did not appear at trial. Appellant contends that the court abused its discretion by denying her motion for new trial because she did not have actual notice of the trial. She also contends that her constitutional and statutory rights to counsel were violated by the appointment of counsel thirty-one days before the termination hearing. We affirm the judgment.

## BACKGROUND

On May 24, 2000, the Texas Department of Protective and Regulatory Services filed a suit affecting the parent-child relationships between appellant and Jo.M. (born January 20, 1995), Ja.M., (born February 26, 1996), and M.C. (born June 26, 1998). The Department sought to make

reasonable efforts to return the children to their home, but requested termination of appellant's parental rights if those efforts failed.

Appellant attended every pretrial hearing. She attended the June 9, 2000 hearing at which temporary orders were signed by the court and by appellant. The orders stated that the dismissal date for the case was June 11, 2001 unless the court rendered final orders before then. She attended a July 21, 2000 status hearing, after which she signed a service plan that recited the same dismissal deadline. She attended a November 30, 2000 hearing, after which she signed an order that recited the June dismissal date and set a permanency hearing for March 16, 2001. On December 1, 2000, the Department's attorney mailed a notice of setting of the final trial on the merits for April 9, 2001 (non-jury trial) or April 16, 2001 (jury trial); the notice went to a drug treatment facility where appellant no longer resided. On March 16, 2001, appellant attended a hearing at which the court appointed counsel for her. Afterwards, the court entered a new permanency hearing order that noted the April trial dates, set the next permanency hearing for May 25, 2001, and reiterated the June dismissal date. Appellant's counsel moved for a continuance on April 3, 2001, asserting that he had not been able to contact appellant and that the recency of his appointment prevented him from conducting discovery; he filed an amended motion to the same effect on April 11, 2001. The court expressly denied the amended motion.

Appellant failed to appear at trial. On the day of trial, the court severed proceedings regarding Jo.M. from proceedings involving Ja.M. and M.C., assigning the suit regarding Jo.M. a new cause number (FM1-02410 at trial, appellate cause number 03-01-00414-CV). In the severed action, the court named appellant's mother Jo.M.'s managing conservator, named appellant his possessory

2

conservator, and refused to appoint Jo.M.'s alleged father as a possessory conservator. In the original cause of action (FM0-03461 at trial, appellate cause number 03-01-00415-CV), the court rendered a final conservatorship order on May 25, 2001, terminating appellant's parental rights as to Ja.M. and M.C., and naming the Department their managing conservator.

Appellant filed motions for new trial in both cases.[1] Appellant contended that she failed to appear at the April 16 trial because of accident or mistake due to lack of notice and lack of communication with her attorney, which she blamed on her trial attorney. The court held a hearing on her motion for new trial at which appellant, her caseworker, and her trial attorney testified.

The district court denied the motion for new trial in the original cause of action by order signed June 28, 2000. The court found that appellant's failure to appear was due to her conscious indifference, that she lacked a meritorious defense to the suit, and that further delay would prejudice the children's interests. There is no written order denying the motion for new trial in the severed cause of action.

Appellant filed notices of appeal in both cases on July 11, 2001.

**DISCUSSION**

We will deal with the appeals separately, beginning with the severed cause of action.

---

[1] The original motion for new trial, filed by appellant proceeding *pro se* on May 15, 2001, appears only in the clerk's record for the original cause of action. The amended motion for new trial, filed by her appellate counsel on June 14, 2001, appears in the clerk's record for both causes.

**Cause number 03-01-00414-CV**

Appellant has not timely or effectively appealed this cause of action. The court rendered final judgment in this cause on April 16, 2001. The next activity in this cause is the first amended motion for new trial, filed on June 14, 2001; this motion, filed more than thirty days after the judgment was signed, was untimely. *See* Tex. R. Civ. P. 329b. The notice of appeal, filed eighty-six days after the judgment was signed, was likewise untimely. *See* Tex. R. App. P. 26.1.

Even if this appeal were timely perfected, the issues presented in the brief expressly address only the termination of appellant's rights to Ja.M. and M.C. Appellant has waived any error in appellate cause number 03-01-00414-CV.

**Cause number 03-01-00415-CV**

Appellant raises three issues regarding the judgment in this cause. She contends that the district court abused its discretion by denying her motion for new trial because she lacked actual notice of the trial setting. She contends that the appointment of counsel only thirty-one days before the trial setting denied her right to counsel under the federal constitution and the state statute.

*Denial of motion for new trial*

We review the denial of a motion for new trial for an abuse of discretion. *Strackbein v. Prewitt*, 671 S.W.2d 37, 38 (Tex. 1984). The denial must be based upon guiding rules and principles. *Craddock v. Sunshine Bus Lines, Inc.*, 133 S.W.2d 124, 126 (Tex. 1939). A defendant who has appeared in a cause is entitled to notice of the trial setting; a defendant who does not receive notice of trial is deprived of due process under the Fourteenth Amendment to the United States

4

Constitution. *LBL Oil Co. v. International Power Servs., Inc.*, 777 S.W.2d 390, 390-91 (Tex. 1989). A party denied due process by lack of notice of a trial setting can get a new trial only by showing that the failure to appear was not intentional or the result of conscious indifference, but was due to a mistake or an accident. *See Craddock*, 133 S.W.2d at 126 (listing three factors in overcoming default judgment); *Mosser v. Plano Three Venture*, 893 S.W.2d 8, 12-13 (Tex. App.—Dallas 1994, no writ) (defendants deprived of notice need only satisfy first *Craddock* factor to merit new trial); *Green v. McAdams*, 857 S.W.2d 816, 819 (Tex. App.—Houston [1st Dist.] 1993, no writ). That party is entitled to have the default judgment set aside. *See LBL Oil*, 777 S.W.2d at 390-91.

Appellant denied that she knew that her trial was set for April 2001. She showed an understanding of the importance of court settings by appearing at every pretrial hearing. She said she did not receive the notice of trial setting sent in December 2000. She undisputedly did not sign the order in March 2001 that contained the trial date. She said she thought that the trial was set for June, which was instead the date the suit would be dismissed unless extended or resolved. *See* Tex. Fam. Code Ann. § 263.301 (West Supp. 2002). She said that appointed counsel cancelled meetings with her and did not reschedule; she denied that she cancelled the appointments. She said she gave counsel the telephone numbers and addresses of a friend and her father but he apparently did not use them. She denied being told at the March 2001 hearing that her trial was set for April 2001, and denied that her caseworker afterward told her of the trial date.

Other evidence adduced at the hearing on the motion for new trial contradicted her assertion that she did not get notice and that her failure to get it was not her fault. The district court said that appellant knew in November that the case was to be set for trial, and yet failed to supply her

5

current address. The court recalled appointing counsel at the March hearing because of the April trial setting, and was therefore confident that appellant knew about the April trial setting that day. Appellant's counsel confirmed the court's recollection of the notice given in open court in March 2001. He also testified that appellant cancelled their subsequent appointments and that, when he called to reschedule, the only telephone number he was given was disconnected. He said the letter he sent to the only address she gave him was returned. Appellant's caseworker also testified that he reminded her of the trial date during a conversation in March 2001.

The court did not abuse its discretion by finding that appellant had actual notice of the trial setting and by not finding that her failure to appear was not the result of conscious indifference or due to mistake or accident.

### Denial of right to counsel

Appellant contends that the appointment of counsel only thirty-one days before trial violated her right to counsel under state statute and the federal constitution. The Texas Family Code requires the court to appoint an attorney for an indigent parent who responds and opposes termination, but does not specify a deadline by which the appointment must occur. Tex. Fam. Code Ann. § 107.013(a)(1) (West Supp. 2002). Courts have held that "in Texas the timing of appointment of counsel to indigent parents appearing in opposition to termination is a matter within the trial court's discretion." *In re M.J.M.L.*, 31 S.W.3d 347, 355-56 (Tex. App.—San Antonio 2000, pet. denied). Courts have not found an absolute minimum acceptable time before trial, but have found the appointment of counsel more than a year before trial to be satisfactory. *See id.* at 354-56; *see also In re J.P.*, No. 13-99-811-CV, 2001 WL 878252, at *2-*3 (Tex. App.—Corpus Christi, August

6

2, 2001, no pet. h.). The federal Constitution does not require that counsel be appointed for all indigents faced with termination of their parental rights; the trial court must weigh the parent's interests, the State's interests, and the risk of an erroneous decision without counsel. *Lassiter v. Department of Soc. Servs.*, 452 U.S. 18, 27-32 (1981).

Appellant contends that counsel had to be appointed much earlier to protect her rights effectively. She argues that counsel might have advised her about the seriousness of the proceedings and the importance of compliance with court orders, and might have helped her schedule and complete services and treatments sooner. She further argues that counsel could have assured that she understood the difference between a setting and the June dismissal date.

The facts of this case do not support appellant's argument because she did not make use of counsel after he was appointed. Though she claimed not to know of the April trial date, the court, her caseworker, and counsel all testified that she was told of the trial date at the March hearing; indeed, the court said it appointed counsel *because* the trial was impending. After counsel was appointed, appellant had no contact with him for two months (except to cancel attorney-client meetings set for the weekend after the appointment); even if counsel cancelled the original meetings as appellant alleges, she set no new meetings. This failure to contact counsel for two months would have impeded preparation for a June trial, much more for one set in April. She gave counsel a telephone number that was disconnected and an address from which mail was returned. Her vigilance regarding this case seems to have diminished after the appointment of counsel; the only proceeding she missed—the trial—occurred after counsel was appointed. Her inaccessibility to counsel and failure to communicate with him contradicts her contention that an earlier appointment of counsel

7

would have protected her rights better. The court complied with the letter of the statute by appointing counsel. Appellant has not shown a violation of either the spirit of the statute or her right under the Constitution by waiting until thirty-one days before trial to appoint counsel.

## CONCLUSION

We resolve all issues in favor of the judgment. We affirm the judgment.

---

Jan P. Patterson, Justice

Before Justices Kidd, Patterson and Puryear

Affirmed

Filed: February 22, 2002

Do Not Publish