COURT OF APPEALS

 

                   THIRTEENTH DISTRICT OF TEXAS

 

                                CORPUS CHRISTI



 

                                   NUMBER
13-01-306-CV

 

SCOTT BOLDING, INDIVIDUALLY, 

AND D/B/A ROBSCOTT GROUP, LTD., 

ROBSCOTT GROUP II, LTD. 

AND THE ROBSCOTT GROUP, LTD. 

& ROBERT R. BOLDING, INDIVIDUALLY,                                Appellants,

 

                                                   v.

 

CAROL MAUPIN, INDIVIDUALLY, ET AL.,                               Appellees.

 



                                   NUMBER
13-01-310-CV

 

SCOTT
BOLDING,                                                                 Appellant,

 

                                                   v.

 

CAROL
MAUPIN, INDIVIDUALLY, ET AL.,                               Appellees.

 



 

                        On appeal from the 275th
District Court

                                  of Hidalgo
County, Texas.

 



 








                          MEMORANDUM OPINION

 

                    Before Justices Hinojosa,
Castillo, and Dorsey[1]

                        Memorandum Opinion by
Justice Dorsey

 

These are two appeals that have been joined for submission, briefing
and argument.  Robert Bolding and Scott
Bolding, defendants below, appeal post-answer default judgments granted in
favor of appellees, plaintiffs below, Carol Maupin, individually, as trustor
and benificiary, Maupin Partners, George E. Nasarre, individually and as
beneficiary, and Robert Maupin, trustee. 
Both appellants  complain that
their due process rights were violated because of lack of notice of the date of
a dispositive hearing.  We reverse and
remand.

The case was set for trial for February 5, 2001, and appellants did
not appear, although appellees did. 
Appellees announced they were not ready to go forward and asked for a
resetting to a future date.  On February
8, 2001, appellees appeared, without having the case reset or scheduled for
February 8, presented evidence and a judgment adverse to appellants
resulted.   There was no notice given to
appellants that the trial would be held on February 8, and it is this failure
to receive notice of the setting that is the focus of appellants= appeals. 








A defendant that has answered has a constitutional right to notice of
all hearings.  LBL Oil Co. v.
International Power Serv., Inc., 777 S.W.2d 390, 390-91 (Tex. 1989).  AA post‑answer
default judgment will only be valid if the defendant received notice of the
default judgment hearing.@ $429.30 In United
States Currency v. State, 896 S.W.2d 363, 366 (Tex. App.BHouston [1st Dist.]
1995, no writ)(citing Matsushita Elec. Corp. McAllen Copy Data, Inc.,
815 S.W.2d. 850, 853 (Tex. App.BCorpus Christi 1991,
writ denied); see Tex. R. Civ. P.
245 (the court may reset case to later date upon any reasonable
notice to the parties.).       

The court heard evidence and granted judgment on February 8, 2001. The
appellants did not receive nor could have ascertained notice of this hearing
from the court=s records because the
case was not reset for trial.   Since
defendants have a constitutional right to notice of all hearings and the right
to be heard is fundamental, we must rule that due process was violated due to
lack of notice.  LBL Oil Co., 777
S.W.2d at 390-91; Tex. R. Civ. P.
245.

Accordingly, we reverse and remand. Since
this issue is dispositive, we will not address the remaining issues. See Tex.
R. App. P.
47.1

 

______________________________

J.
BONNER DORSEY,

Justice

 

Memorandum Opinion
delivered and 

filed this 16th day of
January, 2003.











[1]Retired
Justice J. Bonner Dorsey assigned to this Court by the Chief Justice of the
Supreme Court of Texas pursuant to Tex.
Gov=t Code Ann. '
74.003 (Vernon 1998).