# NO. 12-15-00047-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *MARK J. HEALEY,*<br>*APPELLANT* | § | *APPEAL FROM THE 3RD* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *EDWIN N. HEALEY,*<br>*APPELLEE* | § | *HENDERSON COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Mark Healey appeals a default judgment rendered against him in favor of Edwin Healey. He presents three issues on appeal. We affirm.

### BACKGROUND

Edwin Healey filed suit against Mark Healey and his brothers, E. Peter Healey and Paul C. Healey, in November 2013. Mark was served with citation and a copy of the petition on November 21, 2013. He failed to answer the suit, and Edwin filed a motion for default judgment on November 11, 2014. Nine days later, Mark filed a special appearance, alleging lack of jurisdiction because he lives in Missouri and does not have sufficient contacts with Texas. He did not file an answer subject to his special appearance or request that the special appearance be set for hearing. On November 25, 2014, the trial court granted the default judgment without a hearing.

Mark filed a motion for new trial and an answer on December 18, 2014. After a hearing, the trial court denied the motion. The trial court then severed the default judgment against Mark. This appeal followed. Initially, Mark presented four issues, but conceded in his reply brief that he waived his first issue. Therefore, we do not address that issue.

## DEFAULT JUDGMENT

In his second and third issues, Mark contends the trial court erred when it granted the default judgment and denied his motion for new trial.  He alleges he was not notified of the motion for default judgment, which deprived him of due process.  He further argues that the trial court should have granted the motion for new trial to correct this alleged deprivation. [1]

A plaintiff may take a default judgment against a nonanswering defendant at any time after the defendant's answer date.  *See* TEX. R. CIV. P. 239.  A postappearance default judgment occurs when the defendant has appeared in the lawsuit but has failed to file an answer.  *LBL Oil Co. v. Int'l Power Servs., Inc.*, 777 S.W.2d 390, 390 (Tex. 1989).  Once a defendant has made an appearance, he is entitled to notice of the trial setting as a matter of due process under the Fourteenth Amendment.  *Id.* at 390-91.

In this case, the only pleading Mark filed was a special appearance.  By filing a special appearance, a nonresident challenges the trial court's exercise of jurisdiction. TEX. R. CIV. P. 120a. Rule 120a requires that nonresidents present a special appearance "by sworn motion," and allows that it "may be amended to cure defects." *Id.*

If a nonresident defendant tries but fails to properly enter a special appearance, the appearance may become a general appearance.  *See* TEX. R. CIV. P. 120a(1).  A party enters a general appearance when he (1) invokes the judgment of the trial court on any question other than the court's jurisdiction, (2) recognizes by his acts that an action is properly pending, or (3) seeks affirmative action from the court.  *Dawson-Austin v. Austin*, 968 S.W.2d 319, 322 (Tex. 1998).  "An unverified special appearance neither acknowledges the court's jurisdiction nor seeks affirmative action.  While it cannot be used to disprove jurisdiction, it certainly does not concede it."  *Id*.

Edwin points out, and we agree, that Mark's special appearance was defective because it did not include a verification of the facts and allegations in the document.  *See* TEX. R. CIV. P. 120a (requiring special appearance to be made by sworn motion); *Dawson-Austin*, 968 S.W.2d

---

[1] For the first time, Mark argues in his reply brief that "the failure to set aside the default judgment was further error because Appellant properly raised the issues set forth in *Craddock v. Sunshine Bus Lines*¸133 SW3d 124 (Tex. 1939)." Issues raised for the first time in a reply brief may not be considered. *Bankhead v. Maddox*¸ 135 S.W.3d 162, 164 (Tex. App.—Tyler 2004, no pet.).  This is the case even when, as here, the arguments are in response to a matter pointed out in the appellee's brief. *Bich Ngoc Nguyen v. Allstate Ins. Co.*¸ 404 S.W.3d 770, 781 (Tex. App.—Dallas 2013, pet. denied).

at 321-22 (special appearance defective without verification of facts and allegations in document). Mark contends that the special appearance, even if defective, still constituted an appearance entitling him to notice. But Mark did not seek affirmative relief, recognize that the action was properly pending, or invoke the trial court's judgment prior to the granting of the default judgment. *See Dawson-Austin*, 968 S.W.2d at 322. Therefore, Mark's defective special appearance did not constitute a general appearance. *See id.* Mark did not generally appear until he filed his motion for new trial, which sought affirmative relief and was not subject to the special appearance. *See Anderson v. Anderson*, 786 S.W.2d 79, 81 (Tex. App.—San Antonio 1990, no writ).

A defendant who has not answered or otherwise appeared in a case after being properly served with citation is not entitled to notice of a default judgment proceeding. *Sedona Pac. Hous. P'ship v. Ventura*, 408 S.W.3d 507, 512 (Tex. App.—El Paso 2013, no pet.). Because Mark did not answer or appear, he was not entitled to notice of the default judgment until it was signed. *See* TEX. R. CIV. P. 306a(3) (requiring clerk to give notice to parties when judgment is signed). Because Mark was not entitled to notice, he was also not entitled to a new trial based on his lack of notice. Mark's second and third issues are overruled.


## SEVERANCE

In his fourth issue, Mark contends the trial court erred when it severed the default judgment against him into a separate cause.

After granting the default judgment against Mark and denying his motion for new trial, the trial court severed the default judgment against Mark into a separate cause. This made the default judgment against Mark final and appealable. *See* TEX. R. CIV. P. 240; *Lehmann v. Har–Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). The suit against Mark's brothers proceeded to a jury trial, and the jury found in favor of Edwin. The trial court rendered judgment consistent with the jury's verdict.[2] That judgment has since become final.[3]

---

[2] The judgment in the original matter was attached to Edwin's brief. Generally, the appellate court can review only the record as filed and cannot review documents not included in the record or not considered by the trial court. *Burke v. Ins. Auto Auctions Corp.*, 169 S.W.3d 771, 775 (Tex. App.—Dallas 2005, no pet). However, the court can consider documents outside the record for the purpose of determining its own jurisdiction over the case. *Sabine Offshore Serv. v. City of Port Arthur*, 595 S.W.2d 840, 841 (Tex. 1979); *Harlow Land Co., Ltd. v. City of Melissa*, 314 S.W.3d 713, 716 n.4 (Tex. App.—Dallas 2010, no pet.).

When there has ceased to be an active controversy, the decision of an appellate court would be a mere academic exercise. ***Cappadonna Elec. Mgmt. v. Cameron Cty***., 180 S.W.3d 364, 375 (Tex. App.—Corpus Christi 2005, no pet.). When events occur after a judgment that render the issue before this court moot, we may not decide the appeal. ***Id***. Thus, the issue of severance is rendered moot when it is no longer possible for this court to remedy the error, if any, in the order. ***Cappadonna***, 180 S.W.3d at 375; *see also* TEX. R. APP. P. 43.2 (listing potential types of judgment appellate court may render).

In the present case, it is not possible for this court to remedy the trial court's alleged error in severing the default judgment. The judgment in the main action is final. Thus, there is no remaining action with which the severed cause can be consolidated, even if we were to reverse and remand. Therefore, this issue is moot. Mark's fourth issue is overruled.

## DISPOSITION

Having overruled Mark's second, third, and fourth issues, we ***affirm*** the judgment of the trial court.

**JAMES T. WORTHEN**
Chief Justice

Opinion delivered December 30, 2015.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(PUBLISH)

---

[3] Mark contends the judgment in the original case is not final because E. Peter Healey has declared bankruptcy. However, the bankruptcy court granted an order providing a relief from the bankruptcy stay to allow the judgment in the cause against Mark's brothers to become final and this appeal to proceed.



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**DECEMBER 30, 2015**

**NO. 12-15-00047-CV**

**MARK J. HEALEY,**
Appellant
V.
**EDWIN N. HEALEY,**
Appellee

Appeal from the 3rd District Court
of Henderson County, Texas (Tr.Ct.No. 2014C-0638)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that all costs of this appeal are hereby adjudged against the appellant, Mark J. Healey, for which execution may issue, and that this decision be certified to the court below for observance.

James T. Worthen, Chief Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

5