**Reverse and Remand and Opinion Filed November 12, 2021**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-20-00165-CV

## CHILD SUPPORT 2 COLLECT, INC., Appellant
## V.
## REGINALD D. ANZ, Appellee

**On Appeal from the 302nd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DF-16-09868**

## MEMORANDUM OPINION

Before Justices Myers, Partida-Kipness, and Carlyle
Opinion by Justice Myers

Child Support 2 Collect, Inc. appeals the trial court's judgment granting

Reginald D. Anz's motion to strike Child Support's plea in intervention. Child

Support brings two issues on appeal contending (1) the trial court violated Child

Support's fundamental due process rights; and (2) the trial court abused its discretion

by striking Child Support's petition in intervention. We conclude the trial court

erred by dismissing Child Support's intervention based on a motion that was not set

for a hearing on the day the court heard the motion. We reverse the trial court's

judgment, and we remand the cause to the trial court for further proceedings.

## BACKGROUND

Reginald Anz (Anz) and Patrice Anz were divorced in California in 2001. The California judgment required Anz to pay Patrice spousal support of $2,050 per month for the rest of her life. Both Anz and Patrice moved to Texas.

In 2014, after Anz had allegedly fallen behind in making the payments, Patrice hired Child Support to collect the spousal-support arrearages. Their agreement provided that Child Support would provide services to collect the arrearages for the fee of a thirty-three percent "undivided interest in the claim or cause of action as consideration for said services." The contract also provided that if Patrice took "any action that would affect our right to collect the fees due to us . . . [y]ou further agree . . . that we may file a claim for our 33% directly against the obligor."

In February 2015, Child Support filed a petition to register the California judgment in Bexar County under the Uniform Interstate Family Support Act. *See* TEX. FAM. CODE ANN. §§ 159.001–.901. The petition named Patrice as the petitioner and the party seeking registration of the California judgment. Within twenty days of receiving notice of the registration of the order, Anz filed a response objecting to the registration and alleging the California judgment was ambiguous and enforcement was barred by the statute of limitations. *See id.* § 159.607.

Anz filed a motion to transfer venue, which the Bexar County court granted, transferring the case to a state district court in Dallas County. *See* TEX. GOV'T CODE ANN. §§ 24.007(a), 24.370, 24.601(b), 24.610.

In July 2015, Patrice died. The district court abated the case to permit the Denton County Probate Court to determine whether Patrice's estate would join Child Support in pursuing the claim for spousal-support arrearages against Anz and whether the probate court would assume jurisdiction over the claim.

In the probate court, Patrice's estate alleged that Child Support's contract with Patrice was invalid. The executor decided that Patrice's estate would not join Child Support's action, and the estate agreed to waive its sixty-seven percent interest in the proceeds of the enforcement action without prejudice to Child Support's right to assert a thirty-three percent interest under the contract for past-due spousal support owed by Anz. The probate court signed an order pursuant to an agreement between Child Support and the executor of Patrice's estate. The probate court's order dismissed the parties' claims against each other with prejudice. The order also stated that the probate court would not assume jurisdiction of the litigation pending in the Dallas County district court, "and that all litigation concerning the enforcement of unpaid support shall proceed in the 302nd Judicial District Court of Dallas County, Texas."

Back in the Dallas County district court, Child Support filed a petition in intervention to collect its thirty-three percent interest in the support arrearages that Patrice had assigned to it. Anz filed a motion for the Sinkin law firm, representing Child Support, to show authority to represent Patrice's estate. Anz later filed a motion to strike Child Support's intervention. Responding to the motion to show

authority, Child Support responded that the Sinkin law firm did not represent Patrice's estate, and asserted the motion to show authority should be denied. Child Support did not file a response to the motion to strike the intervention.

On October 17, 2019, at a "report back" hearing, Child Support's attorney told the district court that the probate court matters had been resolved. The court said they needed a trial date. Anz, who was pro se, objected, stating his motion to show authority and motion to strike the intervention should be resolved before trial. After discussing the case further and looking at the settlement agreement and order in the probate court, the district court said, "All right, I'm going to send y'all to the coordinator. She'll have to give you a date. Y'all have 20 minutes per side just on the motion."

On November 8, 2019, Anz sent a notice of hearing to Child Support that stated, "Please note that Child Support 2 Collect, Inc.'s *Response to Reginald Anz's Motion to Show Authority* is set for hearing on Thursday, November 14, 2019, at 1:30 p.m. . . . ." At the hearing on November 14, 2019, Anz asked the trial court to rule on both the motion to show authority and the motion to strike the intervention. Child Support's attorney told the trial court that only the motion to show authority was set for hearing. The trial court, however, told Child Support's attorney, "We're he[re] to resolve this case today on all points." Child Support's attorney told the court that the motion to strike the intervention was not set for that day and that day was not the date set for trial. He told the court there were issues that would be proven

–4–

at the trial. The court said, "everybody knows this is a trial on the merits today."

Child Support's attorney said he did not have documents with him to prove the case "because they will be for the trial of the merits. Again, I confirmed with the coordinator that all that was set today was the Motion to Show Authority." The court said it had all the documents that had been filed in the case. The court then ruled:

> On the merits of the case that was dismissed by the probate court, with regard to the issue of spousal support from a decedent, the Court is going to concur with that dismissal. And the Court is going to find today, unless you can show authority otherwise, you don't have a client before this Court. And you don't have any authority to go here. The only thing you have is enforcement that's left. There's nothing else to enforce. The probate estate and the executor has declined participation, and this Court declines participation as well. Your case is dismissed with prejudice. Thank you very much, gentlemen.

Child Support's attorney asked if he could respond, and the court said, "You may not."

## DUE PROCESS

In its first issue, Child Support contends the trial court deprived Child Support of its right to due process by considering and granting Anz's motion to strike Child Support's intervention when the motion was not set for that hearing.

A party who appears in a case is entitled to notice of a trial setting or hearing as a matter of due process. *LBL Oil Co. v. Int'l Power Servs., Inc.*, 777 S.W.2d 390, 390–91 (Tex. 1989) (per curiam). Due process is satisfied if notice is "reasonably calculated, under the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Peralta v.*

–5–

*Heights Med. Ctr., Inc.*, 485 U.S. 80, 84 (1988); *Estate of Merkel*, No. 05-14-01596-CV, 2016 WL 462569, at *3 (Tex. App.—Dallas Feb. 5, 2016, no pet.) (mem. op.).

Texas Rule of Civil Procedure 245 provides,

> The Court may set contested cases on written request of any party, or on the court's own motion, with reasonable notice of not less than forty-five days to the parties of a first setting for trial, or by agreement of the parties; provided, however, that when a case previously has been set for trial, the Court may reset said contested case to a later date on any reasonable notice to the parties or by agreement of the parties.

TEX. R. CIV. P. 245.

A party is entitled to reasonable notice of a setting. *Id.*; *Estate of Merkel*, 2016 WL 462569, at *3. A trial court's failure to comply with the notice requirements in a contested case deprives a party of the constitutional right to be present at the hearing, to voice objections in an appropriate manner, or to present the party's side, resulting in a violation of fundamental due process. *In re K.M.L.*, 443 S.W.3d 101, 119 (Tex. 2014); *Estate of Merkel*, 2016 WL 462569, at *3.

In *Estate of Merkel*, Pollard, the deceased's husband (the parties were in protracted divorce litigation when Merkel died), claimed he had a fifty-percent homestead interest in a house. *See Estate of Merkel*, 2016 WL 462569, at *1–2. The executor filed claims against Pollard asserting Pollard had no interest in the house. Pollard filed a motion to disqualify the executor, and the trial court issued a show cause order requiring the executor to appear at the hearing and show cause why he should not be removed from office. The executor resigned before the hearing. At the hearing, the trial court announced the court accepted the executor's

resignation and that the court found Pollard had abandoned the homestead. Pollard objected to the court's finding he had abandoned the homestead because that issue was not set for that hearing. *Id.* at *2. The court overruled Pollard's objection, noting the age of the case. *Id.* at *3. On appeal, this Court held the trial court violated Pollard's due process rights by deciding an issue that was not set for that day:

> Here, the record shows the trial court set the show cause hearing for November 12. The record does not contain any notice for any other hearing that day, nor does it contain notice of a final trial setting. Thus, while Pollard had reasonable notice that the issue before the trial court on November 12 was whether the independent executor should be removed, he had no notice that the hearing would result in a final determination of his homestead rights. To the extent the trial court considered and ruled Pollard abandoned his homestead rights in the Beverly Drive house or on any issues other than the show cause, the trial court erred. Because Pollard did not receive proper notice, his due process rights were violated, and we must reverse the trial court's order.

*Id.*

Likewise, in this case, the record shows Child Support received notice that the hearing on November 14 concerned a single motion, Anz's motion to show authority. The record does not show that Child Support received proper notice that the trial court would consider Anz's motion to strike Child Support's intervention. Child Support repeatedly objected to the trial court considering anything other than the motion to show authority. By ruling on an issue other than the motion to show authority, the trial court erred. Because Child Support did not receive proper notice

–7–

that the motion to strike the intervention would be considered at that hearing, Child Support's due process rights were violated. *See id.*

Having found error, we cannot reverse unless the error probably caused the rendition of an improper judgment. TEX. R. APP. P. 44.1(a)(1). Child Support's counsel explained to the trial court that he was not prepared to proceed on the motion to strike the intervention because he had not brought with him documents he would need to prove Child Support's case as he had relied on the court coordinator's notice that the only issue set for that hearing was the motion to show authority. We conclude Child Support showed the violation of its right to notice probably caused the rendition of an improper judgment. *See Estate of Merkel*, 2016 WL 462569, at *3 (reversing because due process right to notice was violated). We sustain Child Support's first issue.

In its second issue, Child Support contends that the trial court abused its discretion by granting the motion to strike Child Support's intervention. Because we are reversing the trial court's order based on the due process violation, we need not consider this issue. *See* TEX. R. APP. P. 47.1.

## CONCLUSION

We reverse the trial court's judgment, and we remand the cause for further proceedings.

200165f.p05

/Lana Myers//
LANA MYERS
JUSTICE



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

CHILD SUPPORT 2 COLLECT,
INC., Appellant

No. 05-20-00165-CV      V.

REGINALD D. ANZ, Appellee

On Appeal from the 302nd Judicial
District Court, Dallas County, Texas
Trial Court Cause No. DF-16-09868.
Opinion delivered by Justice Myers.
Justices Partida-Kipness and Carlyle
participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **REVERSED** and this cause is **REMANDED** to the trial court for further proceedings consistent with this opinion.

It is **ORDERED** that appellant CHILD SUPPORT 2 COLLECT, INC. recover its costs of this appeal from appellee REGINALD D. ANZ.

Judgment entered this 12th day of November, 2021.