

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | § | |
|---|---|---|
| IN RE: | § | No. 08-24-00329-CV |
| | § | |
| CHUNG CHIN "DAVID" CHEN, | § | AN ORIGINAL PROCEEDING |
| Relator. | § | IN MANDAMUS |
| | § | |

## CONCURRING MEMORANDUM OPINION

Relator Chung Chin "David" Chen seeks mandamus relief, urging the trial court clearly abused its discretion in arbitrarily and unreasonably rendering a post-appearance default judgment without satisfying due process requirements and without evidentiary support. The majority denies mandamus relief without addressing Chen's due process claim, determining instead that the controversy was mooted by his eviction from the premises. Although I agree with the Court's ultimate disposition of the case, I still would have addressed Chen's due process claim on its merits. That is, I would conclude that mootness alone is not dispositive of the case. But, after doing so, I would conclude the record fails to show Chen was deprived of due process by the county court.

Texas courts once held a default judgment stood firm absent a showing of a meritorious defense. *See Peralta v. Heights Med. Ctr., Inc.*, 485 U.S. 80, 85 (1988). But, in *Peralta*, the United States Supreme Court determined that such holding was plainly infirm by reason of the Due Process Clause of the Fourteenth Amendment. *Id*. Explaining, the U.S. Supreme Court provided: "Where a person has been deprived of property in a manner contrary to the most basic tenets of

due process, 'it is no answer to say that in his particular case due process of law would have led to the same result because he had no adequate defense upon the merits.'" *Id*. at 86–87 (citing *Coe v. Armour Fertilizer Works*, 237 U.S. 413, 424 (1915)). Under such circumstance, "only wip[ing] the slate clean" restores a petitioner to the position he would have occupied "had due process of law been accorded to him in the first place." *Id*. at 87.

But still, in this instance, Chen bore a burden to prove a default judgment was rendered against him following a deprivation of due process of law. This Court has previously described that default judgments "generally fit into pre- or post-answer default judgments, but other variations exist which do not fit neatly into either category." *Sedona Pac. Hous. P'ship v. Ventura*, 408 S.W.3d 507, 511 (Tex. App.—El Paso 2013, no pet.). For sure, the Supreme Court of Texas has recognized a "post-appearance" default judgment. *LBL Oil Co. v. Int'l Power Services, Inc.*, 777 S.W.2d 390, 390 (Tex. 1989) (per curiam). Such judgment-type generally occurs when a defendant makes a general appearance but fails to answer or appear for trial. *Id.* That is, once a defendant has made an appearance, he is entitled to notice of a trial setting as a matter of due process under the Fourteenth Amendment. *Id.* at 390–91 (citing *Peralta v. Heights Medical Center, Inc.*, 485 U.S. 80 (1988).

A party enters a general appearance by, among other things, recognizing by his acts that an action is properly pending. *Exito Electronics Co. v. Trejo*, 142 S.W.3d 302, 304 (Tex. 2004). The rules do not prescribe the form of an entry of general appearance. *See* Tex. R. Civ. P. 120 (providing that a party "may, in person, or by attorney, or by his duly authorized agent, enter an appearance"). Thus, every appearance which does not comply with the rules for a special appearance, constitutes a general appearance. Tex. R. Civ. P. 120a. Every such appearance "shall be noted by the judge upon his docket and entered in the minutes, and shall have the same force and effect as if the citation had been duly issued and served as provided by law." Tex. R. Civ. P. 120.

Here, Chen asserted his appeal bond and entry of appearance were tantamount to an answer. Malahat counters, however, that neither of those documents operated to answer the allegations of the petition. It cautions that should courts treat an appeal bond as equivalent to an answer would render no-answer default judgments impossible. Regardless of whether Malahat's argument holds weight, I contend we must still recognize that Chen's entry of appearance operated as such, at a minimum. Titled as an "ENTRY OF APPEARANCE," the pleading announces to all interested parties that Chen's attorneys "enter their appearance as counsel for Defendant" and specifically requests that "all further notices . . . and any other matters relating to the above-styled and numbered appeal" be served on the attorneys at their registered e-service and physical address. Based on this entry of appearance, Chen clearly established he was entitled to notice of any hearing or submission of the case. *LBL Oil Co.*, 777 S.W.2d at 391.

But an appearance is not equivalent to an answer, and the Texas Rules of Civil Procedure permit an entry of a default judgment on the pleadings in a case of this nature. Two procedural rules are implicated here. First, Rule 510.12 by itself does not actually require 8-days' notice of the default judgment hearing but only notice of the filing of the transcript.

> An eviction case appealed to county court will be subject to trial *at any time after the expiration of 8 days after the date the transcript is filed* in the county court. If the defendant has filed a written answer in the justice court, it must be taken to constitute his appearance and answer in the county court and may be amended as in other cases. If the defendant made no answer in writing in the justice court and fails to file a written answer *within 8 days after the transcript is filed in the county court*, the allegations of the complaint may be taken as admitted and judgment by default may be entered accordingly.

Tex. R. Civ. P. 510.12 (emphasis added). Based on this rule, the 8-day deadline is measured from the time the transcript is "filed in the county court." *Id*. As a companion to this rule, rule 510.10 further provides that, when an appeal has been perfected, "the judge must stay all further proceedings on the judgment and must immediately send to the clerk of the county court a certified

copy of all docket entries, a certified copy of the bill of costs, and the original papers in the case[.]"

Tex. R. Civ. P. 510.10(a). Continuing, however, subpart (b) of the rule, appears to solve any confusion by ensuring defendants receive a full 8 days' notice:

> *Docketing; Notice.* The county clerk must docket the case and must *immediately notify the parties of the date of receipt of the transcript* and the docket number of the case. The notice must advise the defendant that it must file a written answer in the county court *within 8 days* if one was not filed in the justice court.

Tex. R. Civ. P. 510.10(b) (emphasis added).

Here, the trial court emailed the required notice 20 days after the filing of the transcript, explaining that a paper copy had been "incorrectly sent" by certified mail and it was returned undelivered. The email also advised Chen's attorney that if he still needed to file an answer "please do so as soon as you can." Although the entry of default judgment followed nearly immediately as 8 days had already passed, Chen's attorney was sufficiently put on notice by the motion for default judgment that a default judgment could be imminent. The trial court's belated notice further reminded him that his answer was already late. On the record presented, I would conclude Chen failed to establish he was denied due process to such an extent that it voided the default judgment. On this additional basis, and on this record, I would conclude that entitlement to mandamus relief was not established. Thus, I concur with the Court.

GINA M. PALAFOX, Justice

December 16, 2024

Before Alley, C.J., Palafox and Soto, JJ.
Palafox, J. concurring